## SOUTHWESTERN BRIDGE & CULVERT CO. et al. v. SULLENGER et al.

No. 23910. Opinion Filed March 21, 1933.

Rehearing Denied April 11, 1933.

Jas. O. Cheek and Frank E. Lee, for petitioners.

J. Berry King, Atty. Gen.; Robert D. Crowe, Asst. Atty. Gen., Frank Nesbitt, and Gayle M. Pickens, for respondents.

SWINDALL, J. This is an original proceeding to review an award of the State Industrial Commission. The respondent, as claimant before the Commission, filed employee's first notice of injury and claim for compensation on September 26, 1931, in which he alleges that he received an accidental personal injury on July 27, 1931, resulting in the loss of his left eye. Notice of hearing was given by the State Industrial Commission to H. C. Romines and the Southwestern Bridge & Culvert Company. The Southwestern Bridge & Culvert Company filed an answer in which it denied liability. H. C. Romines failed to appear at the time and place fixed in the notice for hearing proof in support of said claim. The claimant and the Southwestern Bridge & Culvert Company each offered evidence. Upon conclusion of the testimony, the Commission made findings and entered its award in favor of the claimant and against the respondents Southwestern Bridge & Culvert Company, New Amsterdam Casualty Company, and H. C. Romines. The pertinent parts of the findings of the State Industrial Commission are:

"1. That the claimant herein, on and prior to July 27, 1931, was in the employment of the respondents and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law.

"2. Arising out of and in the course of said employment, the said claimant, on or about the 27th day of July, 1932, sustained an accidental personal injury by having a piece of rock hit him in the left eye, as a result of which he did not lose any time beyond the five days' waiting period, and no temporary total compensation is due.

"3. That as a further result of the said injury, the claimant sustained the total loss of vision of the left eye.

"4. That the average daily wage of the claimant at the time of said injury was $2.40 per day.

"5. Under the circumstances in this case, the respondent and insurance carrier were not prejudiced by failure to give proper notice."

The petitioners within due time filed their petition to review said award.

The record shows that the Southwestern Bridge & Culvert Company had a contract to do certain road work on what is known as Federal Aid Project No. 243-E in Craig county, Okla., and that they subcontracted some grading work to H. C. Romines, otherwise known as Henry Romines. The record does not show whether or not Henry Romines carried industrial insurance. There are certain notations in the transcript that would indicate that he did not. The Industrial Commission did not make a finding upon that issue. There is no dispute, however, that Henry Romines was a subcontractor under the Southwestern Bridge & Culvert Company. Respondent Joe Sullenger states that he was working for Henry Romines and that he was employed by Claude Romines. Using his language, "Claude Romines got me to work in his place." And in answer to a question, "What was the nature of your employment?" he said, "Shaking the plow, I took his place shaking the plow."

The relation of employer and employee is contractual. Like every other contractual relation, it is a product of the meeting of the minds of the contracting parties. To create the relation of employer and employee there must be an express contract, or such acts as will show unequivocally that the parties recognized one another as master and servant. Moore & Gleason v. Taylor, 97 Okla. 193, 223 P. 611. We have carefully examined the record in this case, and find there is no evidence in any way tending to show that Claude Romines had any authority from the subcontractor, Henry Romines, to employ persons to perform labor for said subcontractor. Before said subcontractor would be liable there must be evidence to show a contractual relation of master and servant between Henry Romines and the respondent Joe Sullenger.

There is no competent evidence in the record to show that Henry Romines had actual knowledge of the alleged accidental injury within 30 days after the same is alleged to have occurred, and there is no evidence in the record showing that actual notice could not have been given or excusing the claimant, respondent herein, from giving notice, and there is no competent evidence showing that the bridge company or insurance carrier had actual notice of the facts the written notice is required to impart within 30 days after the date of the alleged accidental injury. Skelly Oil Co. v. Johnson, 157 Okla. 278, 12 P. (2d) 177. Respondent does not claim that the bridge company or insurance carrier had actual notice of the time and place the injury occurred. The respondent herein, Joe Sullenger, testified that he informed a man by the name of Clark, who was supposed to be a contractor, that he lost his eye on

the road, but did not inform Clark of the time and place where the injury occurred, and his testimony is not clear that Clark had any connection with the bridge company. In answer to the question, "Who is Clark?" he said, "Supposed to be a contractor," and in answer to the question, "What connection, if any, he has with the Southwestern Bridge & Culvert Company?" he replied, "I could not say," and in answer to the leading question, "He was superintendent?" he said, "Yes, sir." But taking his entire testimony upon that question, it shows that he did not know what position, if any, Clark held with the bridge company.

We held in Pioneer Gas Utilities Co. v. Howard, 154 Okla. 239, 7 P. (2d) 435, that:

"Where issue arises whether employer had actual notice of injury, excusing claimant's failure to give written notice, Industrial Commission should make finding."

And:

"Where Industrial Commission failed to make finding on issue whether claimant was excused from giving written notice of injury because employer had actual knowledge, Supreme Court will vacate award and remand cause."

In this case the Industrial Commission did not make any finding upon the issue of actual notice. but attempted to excuse the claimant upon the ground that the employer was not prejudiced by a failure of the claimant to give such notice. There is no competent evidence to show that the employer was not prejudiced. There is much testimony in the record that the claimant was injured by getting a briar or thistle thorn in his eye while engaged in threshing wheat a short time before he commenced to work on the highway mentioned, and that he at first claimed that the injury was the result of getting a thorn in his left eye, and later claimed that a small rock was thrown by a horse's hoof and struck him in the left eye resulting in the loss thereof. It requires proof to warrant the Industrial Commission in excusing the claimant's failure to give written notice, or show that the employer was not prejudiced by such failure. Turner v. Earl W. Baker & Company, 153 Okla. 28, 4 P. (2d) 739.

For the reasons stated, the award must be vacated as not sustained by any competent evidence.

If it can be established, upon a retrial that Claude Romines had authority to employ respondent to work for Henry Romines, and there is any competent evidence to excuse failure to give written notice as required

by statute, or show that the employer was not prejudiced by a failure to give such written notice, then the Industrial Commission may go further and hear evidence and determine whether or not the injury involved in this action arose out of and in the course of the employment of the claimant by the subcontractor Henry Romines.

The award was further erroneous for the reason that the Commission finds the Southwestern Bridge & Culvert Company and the New Amsterdam Casualty Company to be primarily liable, while under the undisputed facts they could only be held to be secondarily liable.

The award is vacated and the cause remanded to the State Industrial Commission to proceed consistently with the views herein expressed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur. OSBORN, J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 827, 828; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title "Workmen's Compensation." § 116. (2) 28 R. C. L. 760; R. C. L. Perm. Supp. p. 6202; R. C. L. Pocket Part, title "Workmen's Compensation," § 55. (3) annotation in L. R. A. 1916A, 83, 244; L. R. A. 1917D, 135; L. R. A. 1918E, 564; 78 A. L. R. 1232; 28 R. C. L. 825, 826; R. C. L. Perm. Supp. p. 6250; R. C. L. Pocket Part, title "Workmen's Compensation." § 113.