## ALLHANDS & DAVIS et al. v. SCOTT et al.

No. 23929. Opinion Filed July 5, 1933.

Owen & Looney and Paul N. Lindsey, for petitioners.

S. N. Bunch, for cross-petitioners Slick-Urschel, Inc., and the Fidelity & Casualty Company of New York.

OSBORN, J. This is an original action in this court to review an award of the State Industrial Commission in favor of Roy Scott against W. F. Reed, Slick-Urschel, Inc., Fidelity & Casualty Company, Allhands & Davis, and United States Fidelity & Guaranty Company.

The record shows that claimant was injured on November 30, 1931, and on July 2, 1932, the Commission entered an award in his favor on the basis of temporary total disability for six weeks, which amounts to $52, and ordered the payment of medical treatment, hospital and doctor bills.

There is no controversy as to the nature of the injury, or as to the right of claimant to recover the compensation provided in said award. The issue involved herein is as to the primary and secondary liability of the various parties and their insurance carriers.

The record shows that claimant was employed by W. F. Reed to do some excavating work for the erection of some tanks of the Slick-Urschel Company. It is shown that through an agreement or understanding between the parties, an arrangement was made through one John Mathews, engineer for the Slick-Urschel Company, with Reed to do the work in question; that Allhands & Davis were the principal contractors, and that they had instructed Mathews that they would stand behind any contract or agreement made with Reed; that although the business was apparently transacted directly between Mathews, as engineer for Slick-Urschel Company, and W. F. Reed, the Slick-Urschel Company paid Allhands & Davis, who in turn paid Reed the price agreed upon for the work. Claimant was employed by Reed, who had authority to hire and discharge the employees who actually did the excavating work in question. The testimony of Reed is that he took the work from Allhands & Davis by subcontract, and it is apparent that, in consideration of all of the testimony herein, Allhands & Davis occupied the position of an independent contractor, Reed was a subcontractor, and the claimant an employee of Reed.

Section 13351, O. S. 1931, provides, in part, as follows:

"The independent contractor shall, at all times, be liable for compensation due to his direct employees, or the employees of any subcontractor of such independent contractor, and the principal employer shall also be liable in the manner hereinafter specified for compensation due all such employees. * * *

"2. The person entitled to such compensation shall have the right to recover the same directly from his immediate employer, the independent contractor or intermediate contractor, and such claims may be presented against all such persons in one proceeding. If it appears that the principal employer has failed to require a compliance with the Workmen's Compensation Law of this state, by his or their independent contractor, then such employee may also proceed in the same investigation or case against such principal employer. If it shall be made to appear in such proceeding that the principal employer has failed to require

a compliance with this act by his independent contract, then such principal employer shall be liable for all such injuries to employees of his independent contractor, or the subcontractor of such independent contractor. If it appears in such proceeding that the principal employer is liable for compensation under the terms of this act, and the subcontractors of the independent contractor and their sureties are also liable, then judgment or order shall be issued against all such parties and execution may be issued therefor, but such execution shall first be enforced against those found liable other than the principal employer, and will be enforced as against the principal employer only for the residue of such claim after exhausting the execution against others liable therefor. Payment of the compensation found due by any of the persons liable therefor, shall be complete satisfaction of the claim as to other parties, but any person secondarily liable for such compensation shall have a cause of action against the person primarily liable for the recovery of any payment made on account thereof."

It will be observed that the above statute is an extra safeguard to the rights of employees, and permits an injured employee to proceed against the principal employer, the contractor, and the subcontractor in one cause of action. Under the terms of said statute, however, the liability of the respective parties is not a joint and several liability. The order of the Commission is, in part, as follows:

"It is therefore ordered, that within 15 days from this date the respondents or insurance carriers pay to the claimant the sum of $52, as compensation for 6 weeks' temporary total disability beyond the five-day waiting period; and pay all medical, hospital, and doctor bills, incurred by reason of said accidental injury, and furnish claimant any further reasonable and necessary medical care.

"It is further ordered, that within 30 days from this date, the respondents or insurance carriers file with the Commission proper receipt or other report evidencing compliance with the terms of this order."

It will be noted that, so far as the order is concerned, the Commission determined a joint and several liability against the respondents. Such is not in accord with the provisions of the above statute. The immediate employer or subcontractor is primarily liable, the independent contractor is secondarily liable, and if perchance neither the immediate employer, the subcontractor, nor the independent contractor has complied with the Workmen's Compensation Act providing compensation insurance, the principal employer is liable.

On the basis of the order of the Commission, claimant could proceed by levy of execution against any one of the parties. Such procedure is not contemplated by the statute. It is definitely and specifically provided that the immediate employer is primarily liable, and that execution should be issued against him or his insurance carrier first, and that the other parties are secondarily liable, and only in the event claimant fails to secure payment of the compensation found due by the Commission. This necessitates a finding of primary and secondary liability by the Commission, and to this extent the award herein made is erroneous.

The award is vacated and the cause is remanded to the Industrial Commission, with directions to proceed to fix the primary and secondary liability of the respective parties in conformity with the views herein expressed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur. ANDREWS, J., absent.