## C. S. CONSTANT & CO. et al. v. ANDERSON et al.

No. 24992. Feb. 27, 1934.

Randolph, Haver, Shirk & Bridges, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and Hays Dillard, for respondents.

OSBORN, J. This is an original action in this court to review an award of the Industrial Commission entered in favor of M. D. Anderson, claimant, against C. S. Constant & Company and the Travelers Insurance Company, respondents.

It appears that on or about September 10, 1932, claimant was in the employ of respondent C. S. Constant & Company as a day laborer, and while engaged in the building of bridges or culverts on Highway No. 81, between Waurika and Ryan, suffered a strain while trying to push a wheelbarrow, with a load of approximately 300 pounds, up a 30-degree incline, and as a result thereof is now suffering with a severe case of hemorrhoids and piles, and has not been able to do manual labor since the time of injury.

After a hearing, the Commission entered

a finding to the effect that claimant had sustained an accidental personal injury arising out of and in the course of his employment with respondent; that respondent had actual notice of said injury. The Commission made an award for temporary total disability, and ordered respondent to tender medical treatment.

Respondent contends that there is no competent evidence tending to show that claimant was in its employ at the time of the injury; that claimant was employed by a firm known as Walsh & Thomas, a subcontractor; that respondent was the principal contractor and the Commission erred in holding respondent primarily liable, under the rule announced in Allhands & Davis v. Scott, 164 Okla. 217, 23 P. (2d) 714, and Southwestern Bridge & Culvert Co. v. Sullenger, 163 Okla. 68, 20 P. (2d) 891.

In employee's first notice of injury (form 3) he stated that his employer was Walsh & Thomas, of Little Rock, Ark. In his testimony he testified at one time that he was employed by C. S. Constant Company, or by the subcontractors, at the time of his injury. When questioned by the court he stated that he was working for Walsh & Thomas. When recalled for further examination, claimant stated that he was employed by Constant & Company, who, through subcontractors, were building certain concrete culverts. Claimant calls attention to a certain letter from respondent to the Commission received January 30, 1933, which appears in the record as follows:

"State Industrial Commission,
    "State Capitol,
        "Oklahoma City, Oklahoma.
"Gentlemen:

"Reference the enclosed report mailed us several days ago covering Claim No. A-75628 M. D. Anderson, of Ryan, Oklahoma.

"Our records do not show that this man was injured on September 10, 1932, and we are of the opinion that the name must be incorrect since Anderson shows on our pay roll as working September 6, 7, 8, 9, 10, 11, 12, 13 and 14th, for a total of 72 hours at 30c per hour or a total of $21.60.

"Our records further show that this man was laid off on September 14, 1932, and has not been on our pay roll since that time, and we have not seen him since then.

"Any other information that you desire in

this case we will gladly furnish upon request.

        "Very truly yours,
            "C. S. Constant & Company,
                "By C. H. Constant, Manager."

It may be said here that claimant was not certain as to the date of the injury and testified that it was either September 10 or September 14, 1932. Another witness, however, stated positively that the injury occurred on September 14, 1932.

Referring to the above letter, we find the following statement in respondent's reply brief:

"The letter does show that Anderson was carried on the company's pay roll from September 6th to September 14, 1932, but in view of claimant's own testimony that he was working for Walsh & Thomas, it is not unreasonable to assume that C. S. Constant & Company may have been furnishing the time clerk and keeping the pay roll records for its subcontractors, which is not at all an unusual arrangement."

Respondent's position in this regard is untenable. We are requested to declare the law upon an "assumed state of facts," when it is evident that respondent was in possession of the "true state of facts," and made not the slightest effort to produce the facts to aid the Commission and this court to reach a proper conclusion. It is true that claimant's testimony is conflicting. Since there could be no motive to prompt him to falsify in this regard, we are impressed that he testified to the best of his ability. It is altogether possible that he did not know for certain just who his employer was. It is certain that he was on respondent's pay roll on the date of his injury, and neither this court nor the Commission is called upon to assume that respondent was bookkeeper for someone else, under the facts in this case. This finding of fact is amply sustained by the evidence.

Respondent next contends that there is no competent evidence showing that respondent had actual notice of the injury. In this connection the record shows by the testimony of two witnesses that the injury was reported to the superintendent in charge at the time it happened. One witness thought his name was George Gray, the other thought his name was George Blake. Both agreed, however, that he was in charge of the work at the time of the injury. No testimony was offered by respondent to show lack of notice or any prejudice resulting therefrom. See Olson Drilling Co. v. Tryon, 150 Okla. 18, 300 P. 663; Coline Oil Co. v. Winters, 155

Okla. 217, 8 P. (2d) 675. We hereby approve the finding of the Commission as to notice.

Respondent further contends that there is no competent evidence tending to show that claimant has been temporarily disabled as a result of an accidental injury or is still disabled as a result thereof. In this connection, the evidence shows that prior to the date of the injury, claimant was a strong, healthy man, able to do heavy lifting. The testimony of claimant and another witness, present at the time of the injury, is to the effect that claimant was required to push an excessive load in his wheelbarrow; that on the date of injury he became suddenly sick and vomited; that he reported to the superintendent that he could not lift his load; that the superintendent offered to let him operate the scales; that he tried and was unable to do this; that he returned the next day and informed the superintendent that he could not work, but asked for his job back when he was able to work and was assured that he would get his job back on his return. It is further shown that since the time of injury claimant lost about 25 or 30 pounds of weight, and has not been able to do manual labor since. Dr. W. R. Strasmer qualified as an expert in treating hemorrhoids, and gave heavy lifting as one of the causes thereof. He stated that claimant had a severe case of hemorrhoids and piles, and was unable to do manual labor, and needed an operation.

We cannot say that there is no competent evidence tending to support the finding of the Commission that claimant is temporarily totally disabled as a result of the injury in question.

The award of the Commission is sustained.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and WELCH, JJ., concur.