## BAKER ICE MACHINE CO. et al. v. PINNICK et al.

No. 24651.   March 20, 1934.

Pierce, Follens & Rucker, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crow, Asst. Atty. Gen., B. A. Hamilton, and Parke Davis, for respondents.

McNEILL, J.   This original proceeding involves a review of an award of the State Industrial Commission. The only question for review is whether or not the injured employee was at the time of his injury in the employment of the Baker Ice Machine Company, petitioner herein.

The facts present no substantial conflict.

It appears that W. B. Mohr purchased an ice plant from the Baker Ice Machine Company. This plant was to be shipped to Mr. Mohr at Tulsa, where it was to be installed and erected, the company guaranteeing under a written contract that the plant when erected should maintain a capacity to make 25 tons of ice every 24 hours. The contract also provided that the purchaser was required to advance cash in the sum of $1,400 for the erection of the plant as the work progressed, and that said amount would be deducted in equal amounts of $280 each, from the last five note payments.

The company had estimated that the total expense of erecting the plant, including all labor, engineering service, workmen's compensation insurance, etc., would amount to $1,400. These items of expense were included in the purchase price of the plant on condition that the company would erect the plant. Mr. Mohr was of the opinion that he could do this work more economically, and in so doing reduce the purchase price of the plant. Instead of the company erecting the plant, an agreement was entered into between Mr. Mohr and the company, whereby Mr. Mohr agreed to erect the plant upon the condition, however, that the engineer, who was to supervise the erection of the plant, must be selected by the company. All expenses in connection with the installation of the plant, including that of the engineer, were to be paid by Mr. Mohr. After all these expenses for the installation and erection of the plant were paid by Mr. Mohr and the plant accepted in accordance with the company's guarantee, Mr. Mohr was to receive credit in the sum of $1,400 on the purchase price of said plant. After the plant was erected and it fully complied with the proposal and agreement which had been entered into between the company and Mr. Mohr, it was to be turned over to him for operation.

Mr. John Bright was the engineer selected by the company to supervise and direct installation of the plant. He was familiar with the plant and had worked for the company in the capacity of a supervisory engineer at different times over a period of several years. There is no controversy or question that Mr. Bright had full charge, control, and supervision of the erection of the plant in question. He was to receive $400 for his services. As stated, his services were to be paid for by Mr. Mohr. The engineer was employed to perform an independent service, to wit, installing and erecting the plant. Mr. Mohr did not have

the right to direct the work nor exercise any power or control over this work. He did not hire or fire any employees engaged in erecting the plant. Mr. Bright hired and fired the men, but they were all paid by Mr. Mohr.

The injured employee, respondent herein, worked for Mr. Mohr and was lent to Mr. Bright. Mr. Mohr paid for his work. During a test run, which was being made by the plant, respondent was injured.

It is the contention of petitioner, Baker Ice Machine Company, and its insurance carrier, that there was no relationship of master and servant, employer and employee, within the meaning of the Workmen's Compensation Law, existing between the Baker Ice Machine Company and respondent at the time of the alleged accidental injury.

As we view this record, we must conclude that Mr. Bright was an independent contractor, and that there was no relationship of master and servant existing between the Baker Ice Machine Company and Mr. Bright; consequently, respondent is not entitled to an award for compensation against petitioners.

Award vacated and set aside and cause remanded.

CULLISON, V. C. J., and SWINDALL, BAYLESS, and BUSBY, JJ., concur.