## SNETCHER & PITTMAN et al. v. TALLEY et al.

### No. 25131.    May 22, 1934.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

Carmon C. Harris, for respondents.

BAYLESS, J.  This is an original proceeding to review an award of the State Industrial Commission awarding W. N. Talley $207.72 as compensation for an accidental personal injury.

The parties will be hereinafter referred to as they appeared before the State Industrial Commission, i. e., respondent, W. N. Talley, as claimant; petitioners, Snetcher & Pittman and Oklahoma Boiler Works, Inc., by name; and State Industrial Commission as the Commission.

The facts as disclosed by the record are, in substance:  Snetcher & Pittman were engaged in the general repair of boilers and maintained a shop for that purpose; they contracted with the Oklahoma Boiler Works for the use of an air hammer or riveter; that, as was the custom in such work, the Oklahoma Boiler Works sent claimant, who was hired and paid by them, to operate the riveter; the claimant went to the shop of Snetcher & Pittman, where he operated said riveter under the direction and supervision of the foreman of Snetcher & Pittman.  The record further discloses that Snetcher & Pittman, through their foreman, directed the claimant when to start and stop the machinery and generally supervised the method in which the work was done.  While so engaged, claimant received the injury complained of.  The Commission made an award against Snetcher & Pittman, and Snetcher & Pittman have appealed from said award.

There is no controversy as to the nature of the injury or the amount of compensation awarded.

The only assignment of error we deem necessary to discuss is set out in Snetcher & Pittman's brief as follows:

"There is no competent testimony to sustain the finding of the Industrial Commission, that on the date of the aforesaid accidental personal injury, the claimant, W. N. Talley, was in the employ of the respondent, Snetcher & Pittman.  Such a finding is contrary to all of the evidence in the case and contrary to law."

In support of Snetcher & Pittman's contention they cite the cases of Moore & Gleason v. Taylor, 97 Okla. 193, 223 P. 611; El Reno Broom Co. v. Roberts et al., 138 Okla. 235, 281 P. 273; S. W. Bridge & Culvert Co. et al. v. Sullinger, 163 Okla. 68, 20 P. (2d) 891, and other cases.  We have examined the authorities cited by Snetcher & Pittman, but are of the opinion they are not applicable to the facts as disclosed in the

record. As to whether or not Snetcher & Pittman would be relieved of liability by reason of the fact that the employee was employed by the Oklahoma Boiler Works, in Moore & Gleason v. Taylor, supra, we said:

"The relation of employer and employee is contractual. Like every other contractual relation, it is a product of the meeting of the minds of the contracting parties. To create the relation of employer and employee, there must be an express contract or such acts as will show unequivocally that the parties recognize one another as master and servant."

The Supreme Court of California, in the case of Employers' Liability Assurance Corp., etc., v. Industrial Accident Commission of the State of California, 179 Cal. 432, 177 P. 273, said:

"In determining whether, in a particular act, he is the servant of his original master or of the person to whom he has been furnished, the general test is whether the act is done in business of which the person is in control as a proprietor, so that he can at any time stop it or continue it, and determine the way in which it shall be done, not merely in reference to the result to be reached, but in reference to the method of reaching the result."

See, also, Famous Players Lasky Corp. et al. v. Industrial Accident Commission of the State of California, 194 Cal. 134, 228 P. 5; De Noyer v. Cavanaugh, 221 N. Y. 273, 116 N. E. 992; Comerford's Case, 224 Mass. 573, 113 N. E. 460; Scribner's Case, 231 Mass. 132, 120 N. E. 350.

Snetcher & Pittman place much importance upon the fact that Oklahoma Boiler Works hired and paid claimant, and urge this argument in contending that claimant was the employee of the Oklahoma Boiler Works and not the employee of Snetcher & Pittman. In this connection, in Arnett v. Hayes Wheel Co. (Mich.) 166 N. W. 957, the facts were similar to the facts in the instant case, and the Supreme Court of Michigan, in discussing whether or not the relation of master and servant existed, said:

"But it is argued that Arnett was the servant of the Jackson Company because employed and paid by it. Ordinarily these are strong factors in determining the question, but they are not controlling where it is shown that the employee was actually under the control of another person during the progress of the work. See, also, Spooner v. Detroit Saturday Night Co., 187 Mich. 125; Opitz v. Hoertz, 194 Mich. 626.

" * * * 'The test is whether in the particular service which he is engaged or requested to perform he continues liable to the direction and control of his original master or becomes subject to that of the person to whom he is lent or hired. * * *' "

Therefore, from an examination of the facts in the instant case, we are of the opinion that, since Snetcher & Pittman supervised and controlled the work and the manner and method of performing the particular work, such acts showed unequivocally that the parties recognized one another as master and servant.

The award is therefore affirmed.

RILEY, C. J., and SWINDALL, McNEILL, and WELCH, JJ., concur.