**MASTIN et al. v. BLACK et al.**

No. 26137. Feb. 11, 1936.

Ray McNaughton, for petitioner Admiralty Zinc Company.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioner Consolidated Underwriters.

Commons & Chandler, for respondent Floyd Black.

GIBSON, J. On January 25, 1935, the State Industrial Commission made an award in favor of Floyd Black, hereinafter referred to as claimant, and against Admiralty Zinc Company, hereinafter referred to as petitioner, and Consolidated Underwriters, hereinafter referred to as insurance carrier.

To review that award, petitioner and insurance carrier have filed herein their separate petitions urging numerous grounds for vacating the award. Under our view of the record presented here, it is necessary to consider and determine but one question, that is, whether the relationship of master and servant existed between the petitioner, Admiralty Zinc Company, and the claimant, Black. On this point the evidence discloses that the petitioner was the owner of a mining lease on certain lands in Ottawa county, and that at the time of claimant's injury he and two others named Rimmer, father and son, were operating a sludge mill or recleaning plant on the leased premises under an oral contract or sublease with the Admiralty Zinc Company. In the performance of their work under this agreement, the claimant and his associates furnished their own tools and equipment, except one pump that was loaned to them by the general manager of the petitioner, hired their own employees, sold the ore produced by them to whomsoever they pleased, and paid to the petitioner a percentage of the proceeds of sale of the ore. Out of the amount so paid the petitioner it paid to the owner of the leased premises the royalty provided for in the lease. When the ore was sold, the purchaser thereof paid therefor by check made payable to the petitioner, with a notation thereon, however, showing that the check was in payment for ore produced by claimant and his associates. This method of payment appears to be the usual and customary method employed in the mining district in paying for ore produced under such "cleanup" contracts or subleases as the one under which claimant was operating, and it further appears that the method is one prescribed by the purchaser of the ore rather than one exacted by the petitioner. It further appears from the record that the Admiralty Zinc Company did not exercise any supervisory control of the work done by the petitioner and his associates as to the method, quantity, or time of performance of the work, nor did it have any right so to do. It had no right to and did not hire or discharge claimant's employees. Claimant was not carried on the pay roll of the petitioner, and petitioner never paid or agreed to pay claimant any wages.

From a review of the whole record, we conclude that claimant was an independent contractor. Since the relationship of master and servant did not exist between claimant and petitioner, the award must be vacated and set aside. Baker Ice Machine Co. et al. v. Pinnick et al., 167 Okla. 493, 30 P. (2d) 908.

Since the award against the Admiralty Zinc Company must be vacated for the reason hereinbefore stated, it is unnecessary for us to consider the other assignments of error urged by the petitioner Admiralty Zinc Company and those urged by the petitioner Consolidated Underwriters.

Award vacated, set aside and cause remanded.

OSBORN, V. C. J., and RILEY, BAYLESS, and WELCH, JJ., concur. CORN, J., dissents. McNEILL, C. J., and BUSBY and PHELPS, JJ., absent.