## MANAHAN DRILLING CO. et al. v. WALLACE et al.

No. 26981.    March 23, 1937.

Rehearing Denied April 20, 1937.

Butler & Brown, for petitioners.

Davis & Herring and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.    The parties will be referred to as petitioner and respondent.

On the 13th day of December, 1934, J. W. Wallace was injured while unloading some pipe on the premises of the Manahan Drilling Company. Wallace was a truck driver in the employ of L. C. Jones Trucking Company as swamper, and at the date of the injury had been ordered by his employer to stand by after loading some pipe on the lease of the Manahan Drilling Company in order to rig up a crown block preparatory to drilling. He was under the direction and control of the driller on the particular well in question at the request of the field supervisor of the Manahan Drilling Company through engagement with the L. C. Jones Trucking Company.

He had delivered the pipe to the premises of the Manahan Drilling Company together with six other trucks. The driller of the Manahan Drilling Company instructed the driver of the truck on which respondent was working to stand by and assist in placing the crown block in position, and the driver of the truck was proceeding under the direction of the driller in slacking the line when the accident happened which resulted in the injury to the respondent's hand. We are of the opinion that there is competent evidence that respondent was in the employ of the Manahan Drilling Company. Snetcher & Pittman v. Talley, 168 Okla. 280, 32 P. (2d) 883; Barnsdall Ref. Co. v. State Ind. Com., 163 Okla. 154, 21 P. (2d) 749; Southland Cotton Oil Co. v. Renshaw 148 Okla. 107, 299 P. 425; Kali Inla Coal Co. v. Ghinelli, 55 Okla. 289, 155 P. 606.

It is next urged that the commission erred in the computation of the award for the reason that there is no competent evidence sustaining the finding of the commission that the average annual earnings of the respondent were in the amount fixed. It will be seen by the line of testimony introduced and offered by the petitioner that they were attempting to ascertain the total amount earned by the employees of L. C. Jones Trucking Company and the Manahan Drilling Company, and subsequent to this were attempting to ascertain the annual amount earned in a total sum by the employees of Swastika Drilling Company and the other drilling companies from whose employees the average daily wage was elicited by the respondent.

In Skelly Oil Co. v. Ellis, 176 Okla. 569, 56 P. (2d) 891, we discuss the method to be used in ascertaining the annual earnings of an employee arising under subdivisions 1, 2, and 3 of section 13355, O. S. 1931, and there pointed out that the total earnings of an employee in the class to be ascertained is not the proper criterion for determining the aver-

age daily wage. The average daily wage is to be determined from competent evidence submitted to the commission. The daily wage in this case was properly established under subdivision 2 of section 13355, O. S. 1931. There is competent evidence that the average daily wage of a like employee as was the respondent was either $5 per day or $6 per day. We are, therefore, of the opinion that the commission did not commit error in its finding, and that the same is supported by competent evidence. Skelly Oil Co. v. Ellis, supra, was followed in Acme Semi-Anthracite Coal Co. v. Manning, 178 Okla. 420, 63 P. (2d) 76.

The award is therefore affirmed.

BAYLESS, V. C. J., and RILEY, PHELPS, CORN, GIBSON, and HURST, JJ., concur.