## REEVES v. MUSKOGEE COTTON OIL CO. et al.

No. 29075. May 14, 1940.

Rehearing Denied July 2, 1940.

*104 P. 2d 443.*

T. A. Aggas, of Tulsa, and Harve Langley, of Pryor, for petitioner.

William O. Coe and John A. Johnson, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by O. B. Reeves, hereafter referred to as petitioner, to obtain a review of an order made by the State Industrial Commission which denied, for jurisdictional reasons, a claim for compensation against Muskogee Cotton Oil Company, hereafter referred to as respondent, and its insurance carrier.

The petitioner was the owner and operator of a cotton gin, which was mortgaged to the respondent. On October 7, 1937, while making some repairs on machinery in said gin, the petitioner sustained an accidental personal injury which confined him to the hospital for several months. The petitioner filed with the State Industrial Commission a claim for compensation under the provisions of the Workmen's Compensation Act (O. S. 1931, § 13348 et seq., as amended, 85 Okla. St. Ann. § 1, et seq.). The respondent challenged the jurisdiction of the

State Industrial Commission to make any award for the reason that the relation of employer and employee did not exist. The State Industrial Commission, after hearing the evidence of the parties, made and entered an order on July 27, 1938, wherein it found that the relation of employer and employee did not exist between the respondent and petitioner and denied compensation. On application of petitioner the aforesaid order was vacated under date of August 13, 1938, and further argument of counsel heard by the commission. Thereafter, on January 13, 1939, the State Industrial Commission reinstated the order of July 27, 1938, in its entirety.

The petitioner contends that the State Industrial Commission erred as a matter of law in holding that he was not an employee of the respondent and therefore entitled to an award of compensation under the Workmen's Compensation Act.

The sole issue presented is one of law (Mastin v. Black, 176 Okla. 46, 54 P. 2d 399; Trustees of Masonic Lodge of Elk City v. Snith, 161 Okla. 200, 17 P. 2d 430), and involves a jurisdictional question, and therefore one upon which this court will not accept as conclusive the findings of the State Industrial Commission. Tulsa Rig & Reel Mfg. Co. v. Case, 176 Okla. 262, 55 P. 2d 777; McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32. We have therefore carefully reviewed the evidence which was adduced before the Industrial Commission and which has been brought here upon transcript, and therefrom we find that, while there is a material conflict therein, it established substantially the following state of facts: The petitioner, the owner and operator of a gin at Choteau, Okla., at the commencement of the ginning season beginning in the fall of 1937, found that he was going to have some difficulty in obtaining the necessary finances to conduct his operations and communicated this fact to the respondent; that respondent, in order to assist the petitioner in carrying on his business and to protect a mortgage lien which it held on the gin, furnished the petitioner with necessary money to carry on his operations by permitting him to draw upon it for all necessary and reasonable expenditures incident to the purchase of cotton, payment of employees, and other expenses of the gin and honored drafts so drawn in due course and charged the same against the petitioner's account and received from the petitioner the cotton which he had purchased, and cotton seed; that the relation thus created was that of debtor and creditor; that the respondent never had the right to discharge or to control the petitioner in any manner in the conduct of his operations other than by the exercise of the power to discontinue the credit which had theretofore been extended. Further, that the evidence shows that the respondent was neither a partner nor a joint adventurer with the petitioner in the operation of the gin and had no interest in its operations other than to obtain a repayment of the amount which it had advanced upon the drafts of the petitioner and to protect the indebtedness which was secured by a mortgage on the gin; that, while the petitioner had drawn one draft on which he had made a notation that it was for salary to himself, this was done merely of his own volition and without any advice or suggestion from the respondent so to do. The petitioner relies upon the fact that this draft was honored, and upon the further fact that while he was in the hospital his wife drew drafts which she designated as salary for herself and that the same were honored by the respondent in due course, and upon the further fact that the respondent carried blanket insurance to protect it against any contingent liability and had assisted petitioner's wife in making out social security reports for the employees of the gin, to show an implied contract of employment. It merely shows a method adopted by the petitioner in the conduct of his business for his own convenience.

This court in a long line of decisions has held that in order to create the relation of employer and employee there must exist either an express or implied contract between the parties to that effect, or else such acts on their part must appear as will show unequivocally that

the parties recognize the existence of such relation. Snetcher & Pittman v. Talley, 168 Okla. 280, 32 P. 2d 883; Campbell Oil Co. v. Elledge, 177 Okla. 601, 61 P. 2d 223. As said in Utilities Coal Co. v. Rogez, 170 Okla. 264, 39 P. 2d 60:

"One of the tests to determine whether a person is an employee of another is to ascertain whether, at the time the injury was suffered, the other was subject to such person's order and control and was liable to be discharged for disobedience of orders or misconduct."

Weighed in the light of the foregoing decisions the evidence of petitioner wholly failed to show any relation of employer and employee between the petitioner and the respondent. On the contrary, we are of the opinion that the same shows clearly that the relation was that of creditor and debtor and that the payment of the drafts by the respondent was merely a discharge of its obligation to the petitioner to finance his operations and nothing more, and that the notations shown on the drafts were of no concern to the respondent, but were merely for the convenience of the petitioner in keeping books. In other words, the evidence shows that the respondent was merely acting as the banker for the petitioner.

There being absent the primary requisite to an award, to wit, the relation of employer and employee, the State Industrial Commission proceeded properly when it denied compensation.

Order sustained.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, HURST, DAVISON, and DANNER, JJ., concur. CORN and GIBSON, JJ., absent.