LONDAGIN et al. v. McDUFF.

No. 34110.    Dec. 11, 1951.

Dissenting Opinion Dec. 23, 1952.

Rehearing Denied Dec. 23, 1952.

*251 P. 2d 496.*

Farmer & Kerr and Duke Duvall, Oklahoma City, and Homer H. Bishop, Seminole, for plaintiffs in error.

Wells & Wells, By A. S. Wells, Seminole, and Horsley, Epton & Culp, Wewoka, for defendant in error.

BINGAMAN, J. This action was brought by plaintiffs, Clarvel D. Londagin and Commercial Standard Insurance Company, against Fred McDuff. The action was for damages for personal injuries suffered by Londagin, because of the alleged negligence of the defendant, McDuff, his agents and employees, and by Commercial Standard Insurance Company to recover workmen's compensation payments made by it to Londagin. The trial court sustained defendant's plea to the jurisdiction, holding that under authority of Mid-Continent Pipe Line Co. v. Wilkerson, 200 Okla. 335, 193 P. 2d 586, and Deep Rock Oil Corp. v. Howell, 200 Okla. 675, 204 P. 2d 282, the court was without jurisdiction over the subject matter of the action under the allegations of plaintiffs' petition. Plaintiffs appeal.

The record consists of the petition filed by plaintiffs, a plea to the court's jurisdiction by defendant, and the judgment. The plea asserts the allegations of the petition show the injury complained of arose under employment and business covered by the Workmen's Compensation Law, and that therefore the trial court had no jurisdiction over the subject matter of the action. The only reference or recitals as to the facts and circumstances surrounding the injuries to plaintiff Londagin, and the terms and conditions of his employment, are found in the petition. Therein it is alleged that the defendant is a citizen of Oklahoma, residing in Seminole county; that Hunsaker Trucking Company is a truck line engaged in the hauling of oil field equipment and is a common carrier for hire, operating under a class "B" permit from the Corporation Commission of Oklahoma, and an irregular route common carrier certificate from the Interstate Commerce Commission, with tariffs on file with both bodies; that on November 1, 1946, the truck company was engaged in hauling oil field equipment and supplies from Duncan, Oklahoma, to the truck yard and place of business of the defendant, and that one of the trucks was driven by Londagin, who was an employee of Hunsaker Trucking Company. The petition further alleges that while the trucks were in Fred McDuff's yard being unloaded by the employees of the trucking company, under the direction and instruction of McDuff's manager, Londagin was injured by the negligence and carelessness of said manager, and some other of the defendant's employees, who were assisting in the unloading operations. It states further the nature and extent of Londagin's injuries and his hospital expenses, and asks for damages for his injuries and for the pain and suffering endured by him by reason thereof.

It further alleges that Commercial Standard Insurance Company carried workmen's compensation upon Hunsaker Trucking Company and its employees, and that it paid out in hospital expenses and compensation by order of the State Industrial Commission the sum of $8,717.10, which it seeks to recover from McDuff.

Plaintiffs here contend that from the record in this case it is apparent that Hunsaker Trucking Company was not an independent contractor within the meaning of that term as used in 85 O. S. 1941 §11, which makes the employer of an independent contractor secondarily liable for injuries to employees of an independent contractor, since the work or service performed by Hunsaker Trucking Company was not an integral part of the defendant's business, but was merely incidental thereto. In support of this assertion they cite the decisions in Chickasha Cotton Oil Co. v. Strange, 186 Okla. 136, 96 P. 2d 316; Amerada Petroleum Corp. v. Vaughan, 200 Okla. 226, 192 P. 2d 639; Sears-Roebuck Co. v. Wallace, 172 F. 2d 802, and other authorities. They further urge that the provisions of section 11 have no application to common carriers, since it is not the

duty of the principal employer to see to it that common carriers or public utilities comply with the Workmen's Compensation Act, when such common carriers or public utilities perform services for him.

We are unwilling to concede that a trucking company operated for hire, which, by law, is required to obtain a permit to transact such business, can never under any circumstances be an independent contractor. In Colvin v. Chapman, 190 Okla. 214, 122 P. 2d 158, we held that a class "B" carrier was an independent contractor. But we consider it unnecessary to determine the questions urged by plaintiffs, since the petition does not conclusively negative the existence of other facts which might entitle the plaintiff Londagin to maintain a common law action for his injuries. It is silent as to certain facts which, if same exist and were properly alleged, would entitle him to maintain such action and give the trial court jurisdiction.

In the first place the petition does not state that Hunsaker Trucking Company was employed by defendant to haul the material to his yard. The trucking company might have been employed by the seller of the property, in which event Londagin and the agents and servants of the defendant would not be persons in the same employ, and the defendant would be a third person within the purview of 84 O. S. 1941 §44; Parkhill Truck Co. v. Wilson, 190 Okla. 473, 125 P. 2d 203. In such case the trial court would be vested with jurisdiction to try the case.

In the second place, the allegations of plaintiffs' petition do not show whether McDuff was engaged in a hazardous business or occupation, or whether he carried compensation insurance covering his own employees. Since the petition alleges that the unloading operations in which plaintiff Londagin was injured were carried on under the instruction and direction of the defendant's yard manager, the proof in this connection might be sufficient to show that plaintiff, Londagin, was for the time being the servant of McDuff. See Manahan Drilling Co. v. Wallace, 179 Okla. 613, 67 P. 2d 1; Snetcher & Pittman v. Talley, 168 Okla. 280, 32 P. 2d 883.

If Londagin was the servant of McDuff under the rule announced in the above-cited authorities, and if McDuff was engaged in a hazardous business and did not carry compensation insurance, then, under the provisions of 85 O.S. 1941 §12, Londagin would have had the right to maintain a common-law action for damages for his injuries, and the trial court would have jurisdiction thereof.

In Board of Trustees of Firemen's Relief and Pension Fund v. Brooks, 179 Okla. 600, 67 P. 2d 4, we pointed out that if the court had jurisdiction over the parties to the action and the cause was of a kind triable in such court, it had jurisdiction of the subject of the action. In that case we further said:

"To say that the court has jurisdiction of a cause is not equivalent to saying that as a matter of law the allegations of the petition are sufficient to entitle the plaintiff to the relief prayed for. The court exercises its jurisdiction by deciding all questions of law and determining all issues of fact which the pleadings or the evidence or both may present for its determination and by granting or denying, in whole or in part, the relief which is prayed for."

The same rule is stated in 21 C. J. S. p. 42, §33. There the author states that if the complaint sets forth a case belonging to the general class over which the authority of the court extends, the fact that it fails to state a cause of action does not affect the jurisdiction of the court. But the author states that where the pleadings show on their face that the court has no jurisdiction of the subject matter then it should refuse to take jurisdiction.

The instant case is an action for personal injuries due to the negligence of the defendant, a class of cases of which the court has jurisdiction. The fact that the petition fails to state sufficient facts to state a cause of action against the defendant does not divest the court of jurisdiction, but the petition would be vulnerable to demurrer on that ground. We think that the question of jurisdiction of the subject matter of the action may not be definitely determined in the absence of any allegation in the petition relative to the hiring of the trucking company by McDuff, if it was in fact employed by him, and the nature of his business, and, if that business was hazardous, whether he carried compensation insurance.

Since the allegations of the petition are silent upon the existence of the facts above set forth, and do not definitely and completely foreclose the possibility of either of the contingencies heretofore mentioned, it follows that the trial court erred in sustaining the plea of defendant to the jurisdiction of the trial court.

Reversed.

ARNOLD, C.J., HALLEY, V.C.J., and CORN and O'NEAL, JJ., concur. WELCH, GIBSON, DAVISON, and JOHNSON, JJ., dissent.

GIBSON, J. (dissenting). The parties appear in this court in the same order as in the trial court. Hereinafter I shall refer to Clarvel D. Londagin as plaintiff and the Commercial Standard Insurance Company as "Commercial".

The sole question presented on this appeal is: "Did the superior court of Seminole county have jurisdiction to hear and determine this action on its merits?" Lack of jurisdiction of the superior court was presented by proper plea, as the issue in the trial court, and that issue was decided by that court. Lack of jurisdiction has been presented in the briefs and oral argument in this court and all parties urge that the question of jurisdiction be decided here and now, and not left for determination in some future appeal.

I see no reason for not granting their request or for disposing of the appeal on the narrow grounds of the majority opinion.

As presented to this court, the controlling facts are as follows: defendant is engaged in the business of buying, reconditioning and selling used oil field equipment, and he maintains a yard and plant at Seminole. He entered into a contract with Hunsaker Trucking Company (hereinafter called "Hunsaker") to haul certain oil field equipment, including a drill collar and pipe, from Duncan, Oklahoma, to defendant's plant in Seminole. In the moving thereof Hunsaker operated three motor trucks, one of which was driven by plaintiff, who was Hunsaker's employee.

Hunsaker is a common carrier for hire, operating under a class B permit from the Corporation Commission of Oklahoma and a certificate from the Interstate Commerce Commission with tariffs on file in both bodies.

When the trucks reached defendant's place of business they were unloaded by employees of both Hunsaker and defendant, alleged by plaintiff to be under the supervision of defendant and his foreman. In this work of unloading the equipment plaintiff sustained multiple personal injuries, for which he seeks damages, alleging that defendant's negligence was the proximate cause of said injuries. The nature and extent of his injuries do not constitute any issue in this appeal.

Plaintiff filed his claim in the State Industrial Commission against his employer and Commercial as insurance carrier, In compliance with the obligation of its policy Commercial paid out in disability and medical benefits and in satisfaction of a joint settlement of plaintiff's claim the total sum of $8,717.10, all under the approval of the State Industrial Commission. It is alleged that Commercial is entitled to

recover its loss from defendant, to be first paid from any judgment recovered by Londagin.

These additional facts appear: both defendant and Hunsaker were engaged in hazardous occupations as defined by the Workmen's Compensation Law and both were required to provide and did provide workmen's compensation insurance as required by the Compensation Law.

The trial court rendered judgment denying jurisdiction under authority of Mid-Continent Pipe Line Co. v. Wilkerson, 200 Okla. 335, 193 P. 2d 586; Deep Rock Oil Corporation v. Howell, Judge, 200 Okla. 675, 204 P. 2d 282, and Jordon v. Champlin Refining Co., 200 Okla. 604, 198 P. 2d 408.

I think that the judgment of the trial court was correct. In these cited cases this court held:

"Employee's right of action for injuries arising out of and in course of hazardous employment and jurisdiction of courts thereover, with certain exceptions, are abrogated by Workmen's Compensation Law. (85 O. S. 1941 §1 et seq.).

"Liability of the principal employer under the terms of the Workmen's Compensation Law of this State to provide compensation for injuries to an employee of an independent contractor is exclusive, and such employee is without right to maintain action in tort against the principal employer on account of such injuries."

In the Wilkerson case we discussed at length the statutes applicable to the liability of a principal contractor for injuries sustained by the employee of an independent contractor performing work under a contract with the principal contractor. Therein we said:

"In section 11 it is declared the liability of persons, etc., shall be as therein later defined. It is thereinafter declared that the principal employer shall be liable to an employee of an independent contractor in a manner thereinafter specified. And thereinafter it is specified that where it appears the principal employer has failed to require of the independent contractor a compliance with the Workmen's Compensation Laws of the state, such principal employer shall be liable for the compensation for injuries to the employees of such independent contractor.

"Counsel recognize that if Service Company had not provided insurance, defendant, by the terms of the law, would be liable for the compensation, but undertakes to draw the conclusion that since the insurance was provided there is no liability. Such conclusion is not only not justified by law but is contrary to the statute.

"The effect of the law is to prescribe a liability which is to become absolute unless a certain thing is done. The fact that the absolute character is dependent on a contingency does not alter the fact of its being a liability if designed as such."

In the Wilkerson case defendant corporation was engaged in the business of transporting crude oil. They were installing a "scraper trap" in their line and employed an independent contractor to do a part of the work. As in the instant case, employees of both defendant and the independent contractor were engaged in the work, and plaintiff sustained an injury in the course of his employment, and alleged that the injury was caused by the negligence of defendant's employee. Both companies were engaged in hazardous occupations and both carried compensation insurance. We held as indicated in the above-quoted syllabus.

Plaintiffs concede that the law of Oklahoma is as announced in the above cases but they would distinguish them from this case, and say they do not apply in the instant case. It is plaintiffs' contention that Hunsaker's work of hauling the used oil field equipment to defendant's yard was not engaging in the performance of an integral part of defendant's business, but was merely incidental thereto, and that, therefore, he was not an independent contractor within the meaning of the Workmen's Compensation Law. They cite

Chickasha Cotton Oil Co. v. Strange, 186 Okla. 136, 96 P. 2d 316, wherein we said:

"The State Industrial Commission is without jurisdiction to make an award of compensation under the terms of the Workmen's Compensation Law of this state, except in cases wherein it is made to appear that the employer is engaged in one of the classes of industries, plants, factories, lines, occupations, or trades mentioned in said act. Veazey Drug Co. v. Bruza, 169 Okla. 418, 37 P. 2d 294."

I do not concur in plaintiffs' premise. Plaintiffs stress that McDuff was engaged in selling oil field equipment. But he was doing more than selling equipment. He was engaged in the business of buying, reconditioning and then selling used equipment. He did not manufacture equipment at his plant. He had to go out and acquire used equipment elsewhere than at the plant, which equipment must then be hauled to his plant where he would recondition the same before selling it. The acquisition of the equipment and hauling it to the plant and unloading it were all essential parts and processes of defendant's business. Without the acquisition and hauling of used equipment to his yard or plant defendant had no business. Hunsaker, by contract, undertook the hauling and unloading of equipment. The Chickasha Cotton Oil Company case, supra, is not in point. At that time the business of hauling for hire was not classified as a hazardous employment, and the case was decided on that proposition. Therein we said:

"Where the business of an independent contractor is not a hazardous one within the definition of said term as used in said statute and the work to be performed by him and his employees is separate and distinct from the business of an employer who hires such contractor, there is absent any primary liability on the part of such independent contractor to pay compensation and consequently any secondary liability on the part of his employer for failure to require such contractor to secure payment of such compensation."

But the coverage of the Compensation Act was amended in 1941 to include, in the employments classified as hazardous, "motor vehicles operating as motor carriers for the transportation of passengers or property for compensation." 85 O.S. 1951 §2.

The amendment was in force and effect when the instant case was decided. Hunsaker is now engaged in a hazardous employment because the statute so classifies his business. Since he is engaged in hazardous employment, if defendant contracted with him to perform hazardous work, and Hunsaker's employee sustained an accidental injury in the course of his employment, McDuff would be liable under the act if he did not see to it that Hunsaker carried compensation insurance. 85 O.S. 1951 §11; Mid-Continent Pipe Line Co. v. Wilkerson, supra.

Plaintiff places emphasis on his statement that Hunsaker was a common carrier, operating under franchise from the Federal and State Governments, with tariffs on file with proper commissions. But such status would not prevent Hunsaker from becoming, by contract, an independent contractor agreeing to perform a part of the work essential to the prosecution of defendant's hazardous business.

I would affirm the trial court's judgment.

DAVISON, J., concurs in these views.