ATLAS ROCK BIT SERVICE COMPA-
NY and Allstate Insurance
Company, Petitioners,

v.

Robert HENSHAW and the State
Industrial Court, Respondents.

No. 51601.

Supreme Court of Oklahoma.

Feb. 13, 1979.

Walter E. Liebel, Liebel, Shumake & Hilbert, Oklahoma City, for petitioners.

H. W. Nichols, Jr., Looney, Nichols, Johnson & Hayes, Oklahoma City, for respondent-Mid-Continent Cas. Co.

K. J. Schwoerke, Oklahoma City, for respondent Henshaw.

SIMMS, Justice:

This proceeding seeks vacation of an order awarding compensation for permanent total disability against respondent Atlas Rock Bit Service Company (Atlas) and Allstate Insurance Company (Allstate) the insurer. Claimant suffered loss of an eye and spinal injuries on January 13, 1976, during covered employment on W.N.W. Drilling Company's rig.

There is no issue concerning cause and extent of injuries for which claimant was awarded compensation and the facts from which this controversy arises are not seriously conflicting. Interpretation of certain facts under applicable law is basis of the issue as to which of two insurance carriers bears responsibility for this award.

On date of injury, W.N.W. was a fictitious partnership composed of J. Waitman, Newman and Webber. T. E. Henshaw was hired as driller and had taken his own drilling crew, including claimant, to the well site. While rigging up to begin operations, claimant was injured. Whether W.N.W. had filed partnership certificate required by statute does not appear from this record. However, the cause is determinable on other grounds, and we do not consider whether the fictitious partnership had any standing at law. See 54 O.S.1971, §§ 81, 83.

Atlas was a corporate operation, principally owned by T. Waitman. Because W.N.W. was starting in business during period germane to this inquiry, Atlas regularly paid equipment charges and operational expenses, including claimant's salary, under oral agreement for reimbursement by W.N.W. Claimant's payroll checks were issued by Atlas, and that company withheld social security taxes and income taxes on salary, as evidenced by required W–2 tax statement. Atlas also paid premiums for compensation coverage directly to Allstate.

Another insurer (Mid-Continent Casualty Company) assumed coverage after W.N.W. was incorporated as W.W. Drilling, Inc., in April, 1976. Second amended claim named W.N.W. and Atlas as respondents, and both Allstate and Mid-Continent as insurance carriers. Atlas and Allstate answered denying coverage on date of injury, or jurisdiction of State Industrial Court to adjudicate this claim. Upon hearing, demurrer by Atlas and Allstate upon grounds claimant was not an employee of Atlas, was overruled.

The trial judge dismissed W.N.W. and Mid-Continent Casualty Co. as parties and awarded compensation for permanent partial disability against Atlas and Allstate,

the insurer. This order was affirmed by State Industrial Court en banc.

■ State Industrial Court has exclusive, original jurisdiction to determine claims for compensation provided under Workmen's Compensation Act, 85 O.S.1971, § 1 et seq., liability of employers and insurance carriers under those laws, and any rights asserted under those laws. *State, ex rel., Ammons v. Breckenridge, Okl., 442 P.2d 506 (1968); Traders & General Ins. Co. v. Abel, et al., Okl., 344 P.2d 585 (1959).*

Petitioner urges claimant was working for W.N.W. when injured, and there was neither express nor implied contract of employment with Atlas, which had no right of direction or control; therefore, the finding claimant was an employee of Atlas is unsupported by competent evidence, and the award must be vacated and the cause remanded to State Industrial Court.

Argument relating to necessity of establishing employer-employee relationship between the parties relies upon decisions in *Snetcher & Pittman v. Talley, 168 Okl. 280, 32 P.2d 883 (1934); Manahan Drilling v. Wallace, 179 Okl. 613, 67 P.2d 1 (1937); Reeves v. Muskogee Cotton Oil Co., et al., 187 Okl. 539, 104 P.2d 443 (1940); and, Transcon Truck Lines v. Ross, Okl., 390 P.2d 889 (1964).* The first three cases cited were promulgated prior to 1947 adoption of 85 O.S.1971, §§ 65.2, 65.3, generally referred to as the "Estoppel Act". Adjudication in the *Ross* case turned upon specific finding the injured workman was a loaned servant. The principle stated in these cases concerning employer-employee relationship is not determinative of the present case.

■ What "triggers" application of the Estoppel Act is the employer's act of paying and the insurer's act of receiving premiums, or the scheduling of a claimant's employment for purposes of calculation and payment of premiums for compensation coverage. *Miller v. Sears, Roebuck & Co., Okl., 550 P.2d 1330 (1975).*

■ Unquestionably, claimant was a scheduled employee upon whom Allstate

collected premiums covering the employer's liability for injury during hazardous employment. Also unquestioned is the fact that Atlas, either orally or by contract, chose to assume obligations of W.N.W. Having voluntarily stepped into W.N.W.'s shoes by assuming the role of employer in all respects except actual drilling operations, Atlas now is estopped to deny claimant's status as an employee. To accept respondents' claim would allow subversion of Workmen's Compensation Act.

Section 65.3 provides that every insurance contract issued by a carrier for the purpose of insuring an employer against liability under the Workmen's Compensation Law shall be conclusively presumed to be a contract for the benefit of the person upon whom insurance premiums are paid or collected. *National Bank of Tulsa Bldg. v. Goldsmith, 204 Okl. 45, 226 P.2d 916 (1951); Baldwin-Hill Co. v. Lochner, Okl., 359 P.2d 228 (1961).*

AWARD SUSTAINED.

All the Justices concur.