## THOMAS v. NOEL et al.

No. 15887—Opinion Filed Nov. 1, 1924.

Error from District Court of Muskogee County.

Mandamus by L. W. Thomas against W. S. Noel, precinct registrar, and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

Wesley, Atkins & Chandler, for appellant.

T. H. Davidson, for appellee.

PER CURIAM. The plaintiff commenced this action in the district court of Musko-

gee county against the precinct and county registrars for a writ of mandamus to require said defendants to properly register said plaintiff as a voter. The court issued an alternative writ of mandamus requiring the defendants to appear at two o'clock on the 24th day of October, 1924, to show cause, and to return the writ with their proceedings thereunder. The defendants appeared and entered a special appearance and dictated a motion to quash the writ for the following reasons: (1) There was no return showing any service on the defendants; (2) that the original alternative writ was not served on the defendants; (3) that the writ has not been served as required by law.

The attorney for plaintiff requested and asked that the defendants be required to produce the alternative writ served on the defendants. This was objected to, and the parties made various statements, and the court announced that although the writ served on the defendants was signed by the judge, when it was certified to by the clerk, they became certified copies and not originals, and quashed the writ and dismissed the petition. The writ served upon the defendants was not introduced in evidence and the court committed error in not permitting the evidence upon this question to be introduced on this question. This court held in the case of Wenner, County Treas., v. Board of Education of the City of Perry, 25 Okla. 515, 106 Pac. 821, that the service of copy of writ of mandamus is not sufficient and the service is void.

If a motion to quash is permissible in this kind and character of proceeding, which is not decided, on account of not being fully presented, the procedure is by motion to quash the writ or return of writ, and attach a copy of the writ served, or introduce the writ itself in evidence, and from the evidence the court should determine whether it is the original or copy. If the writ was not served, the cause should not be dismissed, but if the petition is good, it occurs to us, without making a thorough investigation, the court should issue another writ and make returnable forthwith, or at some future date as provided by law.

For the reasons stated, the judgment of the trial court is reversed and remanded, with instructions to proceed in accordance with the views herein expressed.