### BOARD OF TRUSTEES OF THE FIREMEN'S RELIEF AND PENSION FUND v. BROOKS.

No. 26686. April 13, 1937.

C. C. Wilkins, for plaintiff in error.

Marvin Shilling, for defendant in error.

PER CURIAM. The plaintiff in error was the defendant and the defendant in error was plaintiff in the court below. They will be so referred to in this opinion.

Plaintiff filed his petition in which he alleged that the defendant. Board of Trustees of the Firemen's Relief and Pension Fund of the City of Marietta, Okla., was created and exists, and that its duties are prescribed by chapter 33, art. 5, Okla. Stats. 1931, and that said board has charge and control of the Firemen's Relief and Pension Fund of the city of Marietta, in Love county, state of Oklahoma.

He further alleged that he had theretofore been duly appointed and enrolled and had served for a period of 20 years, or more as a member of the fire department of the city of Marietta, Okla., and that his services in, such capacity had been of such duration and nature as to render him eligible for retirement and for a retired fireman's pension as provided for in chapter 33, art. 5, Okla. Stats. 1931, and that by virtue of his services and the statute above referred to, and more particularly section 6117, Okla. Stats. 1931, he was entitled to be retired on, a pension of not less than $25 per month, to be paid by the board from said fund, and that he had theretofore been retired by said board on a pension of $25 per month, and that

he had been receiving such pension from the board in the sum of $25 per month, but that on or about January 1, 1935, the defendant board, arbitrarily, capriciously and without authority of law, and in violation of law, undertook to reduce plaintiff's pension from $25 per month to $12.50 per month, land has since that time failed, neglected, refused, and still refuses to perform its mandatory duty in the premises and to pay plaintiff the sum of $25 per month; that there is in excess of $3,500 in cash on hand in said fund in the possession of the defendant board, from which and with which plaintiff's pension might be paid, and that there is no legal or valid reason or excuse for the failure and refusal of defendant to perform its mandatory duty in the premises.

He alleged that he had no adequate remedy at law, and prayed the court to issue a writ of mandamus requiring and compelling the defendant board and the members thereof to comply with their statutory and mandatory duty to issue to the plaintiff a voucher or vouchers in payment of his fireman's pension at the rate of $25 per month for the months of January, February, and March, 1935, and for each month thereafter. On this petition, which was duly verified, the court issued an alternative writ of mandamus requiring the defendant to issue the vouchers as prayed or to appear and show cause for its refusal so to do. The defendant in its answer denied each and every allegation contained in plaintiff's petition except such as were in the answer specifically admitted. It thereupon admitted that it was the Board of Trustees of the Firemen's Relief and Pension Fund of the fire department of the city of Marietta, alleged that plaintiff was not entitled to be pensioned as claimed, denied that plaintiff was entitled to a pension in the sum of $25 per month, or in any sum whatsoever, and admitted that on January 16, 1935, it met in regular session and passed the following resolution, to wit:

"January 16, 1935.

"Firemen Pension Board met on above date. L. T. Burton, Mayor; Duke Sinclair, Dan Rambo, Albert Benson and James M. Costner.

"Met to discuss pension being paid retired Marietta Fireman. Motion made to pay $20.00 per month in pensions. It was seconded and carried.

"Motion made to allow $1.00 per month to Prichard and Ed Monroe; $6.00 per

month to Will Powell, and $12.00 per month to Steve Brooks; seconded and carried. Becomes effective now.

"There being no further business, a motion was made to adjourn subject to a call of the mayor.

"L. T. Burton, Mayor."

Defendant further alleged that it was within the discretion of the defendant to pay the plaintiff any amount that to it seemed just and equitable, and that there was a legal reason why the defendant had refused to pay the plaintiff the sum of $25 per month; denied that it was the mandatory duty of the defendant to pay the plaintiff the sum of $25 per month, and alleged that plaintiff had an adequate remedy at law.

The defendant further alleged that the court had no jurisdiction whatever to grant the plaintiff a writ of mandamus upon the allegations in the petition, and that the petition failed to state sufficient facts in law to give the court jurisdiction to issue a writ of mandamus against the defendant.

Defendant further alleged that there was a question of fact involved as shown by the petition and the answer, and that defendant was entitled to have the question tried before a jury and demanded a jury trial, and alleged that plaintiff was not entitled to any relief whatsoever for the reason that the facts alleged in the petition were insufficient to give the court jurisdiction to grant the plaintiff any relief.

When the case was called for trial, the defendant demanded a jury trial, which demand was by the court denied. Before the trial of the case the defendant filed a plea to the jurisdiction of the court, in which it set forth that the court did not have jurisdiction to hear and determine the issues presented by the pleadings; that the allegations of the petition showed that plaintiff had not complied with the sections of the statute under which his claim was based; that under the provisions of the statutes upon which the plaintiff's claim was based, it was within the discretion of the defendant to pay the plaintiff any sum whatsoever that it might see fit to pay him; that under said sections of the statute plaintiff had a remedy at law of which he had not taken advantage; that the matter cannot be presented to the court in this kind of an action, and that the court only had jurisdiction to review the proceedings of the defendant upon a

proper cause of action being filed, and that the court had in no instance jurisdiction to hear the issues involved upon a trial de novo.

For which reasons the defendant prayed the court to dismiss the proceeding.

The plea of defendant to the jurisdiction of the court was overruled. The case was tried by the court without a jury and the peremptory writ of mandamus was issued as prayed for.

Motion for a new trial was overruled and the plaintiff in error appealed by case-made.

Plaintiff in error makes 14 assignments of error, but in his brief counsel for plaintiff in error condenses them in the following propositions:

"(1) In the absence of a statute giving the right of appeal or review the board of trustees has the original and exclusive jurisdiction to direct payment.

"(2) Under the statute allowing the right of appeal the district court had no jurisdiction to try this case de novo and issue writ of mandamus.

"(3) If the district court did have jurisdiction to try this case de novo the board of trustees was entitled to a jury trial."

The first and second of the above propositions go to the jurisdiction of the court to try the case presented to it by the petition.

"Jurisdiction is the authority by which courts and judicial officers take cognizance of and decide cases. * * * If a court has jurisdiction of the persons to the action, and the cause is the kind of a cause triable in such court, it has jurisdiction of the action and has the power to render any rightful judgment therein." Parker v. Lynch, 7 Okla. 631, 56 P. 1082; Bockfinger v. Foster, 10 Okla. 488, 62 P. 799; Fehr v. Black Pet. Corp., 103 Okla. 241, 229 P. 1049.

The defendant board was properly before the court, both by service of summons and by general appearance. The court, therefore, had jurisdiction of the cause. To say that the court has jurisdiction of the cause is not equivalent to saying that as a matter of law the allegations of the petition are sufficient to entitle the plaintiff to the relief prayed for. The court exercises its jurisdiction by deciding all questions of law and determining all issues of fact which the pleadings and evidence present for its determina-

tion and by granting or denying in whole or in part proper and appropriate relief.

Treating the plea to the jurisdiction, together with certain paragraphs of the answer, as in legal effect a challenge to the sufficiency of the petition of plaintiff upon the grounds that it does not state facts sufficient to constitute a cause of action and to entitle plaintiff to the relief demanded, we find that it is alleged in the petition that the plaintiff "has in fact heretofore been retired, by said board and has been receiving a pension from said board in the sum of $25 per month, as provided by law, prior to January, 1935." This we think is a sufficient allegation that the board had theretofore exercised its discretion to determine whether the plaintiff was or was not entitled to a pension; that it had determined that he was entitled to a pension of $25 per month. The petition further alleges that the board had on hand in the fund available for the payment of pensions a sum in excess of $3,500; that it had since about the 1st of January, 1935, paid to plaintiff only the sum of $12.50 per month and had refused to pay him the pension to which it had theretofore adjudged him to be entitled of $25 per month, and that he has no adequate remedy at law. We think that the allegations of the petition are sufficient to show, as above set forth, that the board has theretofore determined that the plaintiff was entitled to receive a pension of $25 per month, and that unencumbered funds were on hand with which to pay it and that the board has arbitrarily and capriciously refused to pay it, and that plaintiff has no other adequate remedy.

Under the provisions of section 6117, O. S. 1931, the minimum pension to be paid to a retired fireman is $25 per month, subject, however, to the following provision contained in that section:

"Provided, that the payment provided for in this section shall not be made until after the payment in full of all claims or demands against said funds arising or accruing under the provisions of section 7 of this act."

Plaintiff, as we have stated, alleged that $3,500 was available for payment of the pension.

Therefore, the allegations of the petition state a case entitling the plaintiff to a writ of mandamus to compel the performance by the board of its duty to pay the plaintiff the minimum pension of $25 per month, unless the plaintiff had an adequate remedy other than the extraordinary one of mandamus.

The defendant first contends that plaintiff has no remedy, and then if he had a remedy it was by appeal from the action of the board, which he failed to take.

Section 6102, O. S. 1931, gives one claiming a fireman's pension the right of appeal when he "deems himself aggrieved by the decision of the pension board on his claim for pension, either in rejecting his claim or in the amount allowed by said board." It appears from the petition that on his claim for pension the plaintiff was allowed exactly what he claimed, $25 per month. He seeks relief in this case, not from a decision of the board allowing or rejecting his claim, nor does he seek relief in the matter of the amount allowed on his claim, which was $25 per month. He seeks relief from the action of the board based upon its refusal to pay him the amount of the pension to which it had adjudged him to be entitled, which sum is, if he is entitled to any pension at all and if funds are available to pay it, the minimum amount which the board is authorized to pay. The statute providing for and regulating appeals has, therefore, no application to this case.

The decision of the court In re Application of Gruber, 89 Okla. 148, 214 P. 690, cited by defendant (plaintiff in error), deals only with the procedure on appeals taken under the statute authorizing an appeal. Since the proceeding in the district court was not and did not purport to be an appeal from the decision of the board, the opinion in the Gruber Case is not in point. The action complained of is not the refusal of the board to allow the pension, but its refusal to pay it. We conclude, therefore, that mandamus is a proper remedy.

This brings us to the question of the right of the defendant to a jury trial. We shall assume, without discussion or decision, that a jury may be demanded to decide disputed questions of fact in a mandamus action. Upon this assumption the denial of a jury in this case did not constitute reversible error.

Upon the trial of the case by the court without a jury, the plaintiff, who is defendant in error here, proved every material allegation of his petition. He proved the passage by the board of the resolution of January 16, 1935. This resolution was not and did not purport to be a decision

on the merits of plaintiff's claim to a pension or on the amount which he was entitled to receive under such claim. This resolution was nothing more than a record made by the board, of its intention not to pay the whole of the pension to which it had theretofore adjudged plaintiff to be entitled.

The defendant introduced no evidence to support any of its denials. Under the undisputed evidence, plaintiff was entitled to prevail.

In the case of Wilson v. Federal Tax Co., 176 Okla. 90, 54 P. (2d) 363, this court held:

"Where a jury is denied defendants in an action properly triable to a jury, the action of the court in this respect will be held to be harmless error when it appears from the evidence that the defendants had no legal defense to plaintiff's cause of action."

See, also, Oxley v. Southland Life Insurance Co., 159 Okla. 287, 15 P. (2d) 43; and Lackey v. Wagner, 89 Okla. 48, 213 P. 742.

The case of Estes v. Oklahoma City, 175 Okla. 278, 52 P. (2d) 873, in so far as it conflicts with the rule herein reapproved, is overruled.

The judgment of the district court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Irwin Donovan, Forrester Brewster, and R. M. Mountcastle in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Donovan and approved by Mr. Brewster and Mr. Mountcastle, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, PHELPS, and CORN, JJ., concur.