**BOARD OF TRUSTEES OF THE FIREMEN'S RELIEF AND PENSION FUND et al. v. PELHAM.**

No. 27319. April 27, 1937.

In re Benson, 178 Okla. 299, 62 P. (2d) 962, and requires no further discussion.

The district court in considering the appeal appears to have proceeded in the manner directed by this court. In re Application of Gruber, 89 Okla. 148, 214 P. 690. The plaintiffs in error advanced the same contentions in the court below that they do here. The defendant in error urged in the trial court that the action of the pension board in denying her application was contrary to law and to all of the evidence and was without the support of any evidence. The transcript which the trial court had under review amply supports the contentions of the defendant in error. The finding of the district court that the action of the pension board was without the support of any evidence and was contrary to all the evidence was in effect a finding that it had acted arbitrarily in the matter. After a careful review of the entire record, we are of the opinion that this conclusion of the trial court was well founded. The record presents no error, and therefore the judgment of the lower court should not be disturbed.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.

Harlan Deupree, Municipal Counse'or. and Robert L. Berry, Asst. Municipal Counselor, for plaintiff in error.

J. Walker Field and Frank Field, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Oklahoma county rendered on appeal to that court from the action of the board of trustees of the firemen's relief and pension fund of Oklahoma City which denied a pension to the defendant in error. The plaintiffs in error challenge the judgment of the court below on the ground, first, that the right of appeal from the pension board to the district court does not exist; and, second, that the district court has no authority to weigh the evidence on reviewing the action of such board.

The right to appeal under the circumstances here involved has been definitely upheld by this court in the recent case of