## BOARD OF TRUSTEES OF THE FIREMEN'S RELIEF AND PENSION FUND v. NAUGHTON.

No. 26545.  April 27, 1937.

Rehearing Denied June 15, 1937.

H. O. Bland, E. M. Gallaher and Milton W. Hardy, for plaintiff in error.

T. L. Brown and J. F. Lawrence, for defendant in error.

PER CURIAM. This action originated before the board of trustees of the firemen's relief and pension fund in and for the city of Tulsa. Vena B. Naughton filed an application with said board for a widow's pension under the ordinances of the city of Tulsa and the statutes of this state (section 21, art. 2, Revised Ordinances City of Tulsa, 1931, and section 6103, O. S. 1931). Said application was denied by the pension board and an appeal was prosecuted to the district court of Tulsa county, where the order of the pension board was reversed and the pension ordered paid. The board of trustees of the firemen's relief and pension fund in and for the city of Tulsa appeal. As grounds for reversal it is urged that the appeal from the decision of the pension board is not authorized by law, and that the district court did not properly determine the matter on appeal, and that the record contains ample evidence to sustain the decision of the pension board, and that the judgment of the trial court was erroneous as a matter of law. The questions thus presented are substantially the same as those presented and decided in the case of In re Benson, 178 Okla. 299, 62 P. (2d) 962, and Board of Trustees of Firemen's Relief and Pension Fund of Oklahoma City v. Edith Pelham, 180 Okla. 44, 67 P. (2d) 794,, and what has been said therein is decisive of the matters involved in this appeal. It appears that the district court in considering the matter on appeal was guided by the opinion of this court in the case of In re Gruber, 89 Okla. 148, 214 P. 690. This was proper. The district court was not bound to accept the decision of the pension board as conclusive upon questions of fact involved. The court on an appeal of this nature is authorized to review the transcript to ascertain whether there has occurred any error of law, and also to determine whether the findings of the board are supported by the evidence. If from the record it appears that the decision of the board is either contrary to the law or contrary to the clear weight of the evidence, the district court may render such decision as should have been rendered. The record in this case, in our opinion, amply supports the judgment.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, PHELPS, and CORN, JJ., concur.