## BOARD OF TRUSTEES OF FIRE-MEN'S RELIEF AND PENSION FUND OF TOWN OF THOMAS v. MULCAHY.

No. 29781. Sept. 16, 1941.

*116 P. 2d 1000.*

Darnell & Gibson, of Clinton, for plaintiff in error.

Walter S. Mills and R. H. Dunn, of Clinton, for defendant in error.

WELCH, C. J. This proceeding originated with the filing of a claim by J. W. Mulcahy with the board of trustees of the firemen's relief and pension fund of the town of Thomas. The claim was in the sum of $525, itemized as "payment claimed due" at $25 per month for 21 months from July, 1937, to March, 1939, both inclusive.

The claimant undertook to appeal to the district court from what he referred to as the decision of said board wherein his said claim was rejected. The statutory provision for such an appeal is found in section 6102, O. S. 1931, 11 Okla. St. Ann. § 381.

The district court, after denying motion of the board of trustees to dismiss the appeal, heard and considered the matter, as on appeal by transcript, and from the purported transcript determined the matter in favor of claimant, reversed the board of trustees, and rendered judgment for claimant, and directed payment of the claimed sum of $525.

From that judgment the board of trustees appeals here, urging reversal on the sole ground that the district court erred in overruling motion to dismiss the appeal from the action of the board of trustees.

The motion to dismiss was presented in district court on two grounds: First, that the purported transcript was fatally defective and wholly insufficient; and, second, that no proper claim or application for pension was ever made or filed with the board of trustees by the claimant.

We find there was merit in that motion. The claim presented to the board of trustees did not disclose when or how or why any pension or allowance out of the relief and pension fund was theretofore made to claimant.

The claimant discloses in his brief here that he contends he served as fireman "for many years," and that he was "duly placed on the pension rolls" and drew payments from March, 1936, to and including June, 1937. But the claim itself was wholly silent as to such basis or foundation for the claimed sum of $525. It may be that such deficiency in the claim itself would have been unimportant, if claimant's evidence at the hearing thereon had shown and supported his contention above stated. But the purported transcript discloses no such evidence.

The purported transcript is further defective in these points: First, while reciting that the claim was presented to and considered by the board of trustees at a hearing attended by claimant and his counsel, it does not present a copy of any minutes, decision, order, or judgment thereon by the board. Second, it does not show any evidence presented at the hearing nor disclose whether any evidence was heard. Third, the whole transcript, other than a copy of the original claim, is in the form of a narrative or recital by the clerk, and while it no doubt correctly states the clerk's true understanding of what was said and done, it goes no further than that. Fourth, the purported transcript recites that the records of the fire department and of the town were consulted and showed certain facts; then follows the clerk's recitation of the facts so shown of record, and this recitation contains certain conclusions of law and includes certain estimates or conclusions as to approximate annual collections to the fund under the law. But if any such records were presented to or considered by the board of trustees as evidence, they are not included in the purported transcript, nor is it disclosed that the board of trustees itself made any findings of fact or conclusions from such records. Fifth, the narrative of the clerk in the purported transcript does state that the claim was rejected, and the clerk says the board of trustees assigned certain reasons for rejecting the claim, and in the language of the clerk those reasons are stated in some detail.

But there is not presented any record of any such action by the board itself. Sixth, the clerk does not certify that this is a *complete* transcript, and while the certificate does recite the foregoing is a "true and correct transcript of the proceedings had upon the claim," we cannot agree that it is so. We cannot so characterize the clerk's recitation of what was said and done. Seventh, to summarize, the purported transcript does not show what evidence, or whether any evidence, was heard by the board; it includes no evidence, if any was considered; it copies no minutes, order, or decision or findings of the board; it is wholly insufficient to form the foundations of a judicial determination in the district court either affirming or reversing any decision of the board of trustees.

The essential contents of a valid transcript are fixed by law. Section 6102, O. S. 1931, 11 Okla. St. Ann. § 381; In re Gruber, 89 Okla. 148, 214 P. 690; Prochnau v. Martens, 125 P. 461, same cause 41 Okla. 409, 138 P. 807; Ford v. McIntosh, 22 Okla. 423, 98 P. 341; Thomas v. Morgan, 132 Okla. 297, 270 P. 562; Fortune v. Parks, 29 Okla. 698, 119 P. 134; Wiggins v. State, 47 Okla. Cr. 160, 287 P. 803, and Weaver v. Hall, 33 Kan. 619, 7 P. 238.

When the sufficiency of this purported transcript was challenged in district court, the claimant took no steps to complete or correct it—if it could have been corrected or supplemented. The claimant stood then and now stands upon his contention that the transcript was sufficient.

In this character of appeal the district court reviews upon the transcript, and therefrom determines whether the board erred in law and whether its findings are supported by the evidence. If upon such review it appears that the decision of the board is contrary to law or contrary to the clear weight of the evidence, the district court may properly render such decision as should have been rendered by the board. See In re Gruber, supra; Board of Trustees v. Pelham, 180 Okla. 44, 67 P. 2d 794;

and Board of Trustees v. Naughton, 180 Okla. 270, 68 P. 2d 845.

Obviously, from the purported transcript here, the district court could not have properly performed that duty. It could not be determined with certainty from the transcript whether the claimant was seeking the payments asserted to be due as a fireman retired after 20 years' service under section 6101, O. S. 1931, 11 Okla. St. Ann. § 364; as one disabled in service while performing duty under section 6103, O. S. 1931, 11 Okla. St. Ann. § 365; or as one temporarily disabled, under section 6105, O. S. 1931, 11 Okla. St. Ann. § 367. Nor could it be determined from the transcript whether or when the claimant had ever been designated as a beneficiary of the firemen's relief and pension fund, or awarded or allowed any payments from said fund. All or many of these things are matters of public record, required to be so képt by the board of trustees (sections 6098 and 6100, O. S. 1931, 11 Okla. St. Ann. §§ 361 and 363), though none of such records were shown in the purported transcripts.

There is nothing properly shown in the transcript which could support the district court judgment in claimant's favor for $525. The transcript was fatally defective and insufficient. The motion presented in district court to dismiss the appeal there should have been sustained.

The judgment of the district court is reversed, and the cause remanded, with directions to sustain motion to dismiss appeal from the board of trustees.

BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur.