STEPHENSON, Chairman, v. DUDLEY.

No. 30458.   May 19, 1942.

Rehearing Denied June 30, 1942.

*127 P. 2d 172.*

F. L. Welch, of Antlers, for plaintiff in error.

R. H. Stanley, of Hugo, for defendant in error.

PER CURIAM. On the 17th day of December, 1940, W. C. Dudley, hereinafter referred to as petitioner, filed a petition in the district court of Pushma-

taha county, Okla., praying that C. E. Stephenson, chairman of the board of trustees of firemen's relief and pension fund of the town of Antlers, Okla., be commanded and directed to sign a warrant for $150, a copy of which was attached to the petition as Exhibit A. This warrant was drawn and dated the 17th day of December, 1940. It is alleged in said petition that the petitioner was retired by the said board of trustees under and subject to the benefits provided by chapter 33, art. 5, O. S. 1931, and that petitioner was duly qualified for such retirement and pension by 20 years of service as a member of the fire department of Antlers, Okla. Petitioner attached a copy of the minutes of said board of trustees under date of December. 2, 1940, as evidence of the order of said board of trustees for retirement, and alleged that funds were on hand sufficient to pay the said warrant.

An alternative writ issued, which was answered by an admission of all of the material allegations of the petition, but in this answer it was specially alleged that after the entry of the order of December 2, 1940, and on January 6, 1941, the said board met and decided that it was to the best interest of all concerned that all of the funds in the hands and under the control of said board be kept to be disposed of only for disabled retired firemen and the dependents of deceased firemen. The answer further stated that the evidence upon which the order of December 2, 1940, was entered was insufficient to authorize a pension for the petitioner. A motion for judgment for the petitioner was sustained and the writ made peremptory.

The defendant has appealed and presents ten allegations of error, which are argued in three general propositions. The first and third are that the town of Antlers, Okla., has no appeal from the action of the pension board taken on December 2, 1940, and therefore the pension board and the town of Antlers have a right as a matter of law to contest the question of fact touching the qualifications of the petitioner; and the

second proposition is based upon the assumption that the first and third propositions being sustained, the evidence is insufficient to sustain the fact situation determinative of whether petitioner is entitled to a pension.

We are unable to agree with the contention of the defendant that he may contest the fact situation touching the qualifications of the petitioner. The method of appeal from the order granting a pension is fully set out in 11 O. S. 1941 § 361 et seq., and construed by this court in the following cases: In re Gruber, 89 Okla. 148, 214 P. 690; Board of Trustees of Firemen's Relief and Pension Fund for City of Tulsa v. Miller, 186 Okla. 586, 99 P. 2d 146; Board of Trustees of Firemen's Relief and Pension Fund of Oklahoma City v. Pelham, 180 Okla. 44, 67 P. 2d 794; In re Benson, 178 Okla. 299, 62 P. 2d 962.

In Board of Trustees of Firemen's Relief and Pension Fund of City of Marietta v. Brooks, 179 Okla. 600, 67 P. 2d 4, petitioner brought a suit for mandamus against the board of trustees of the firemen's relief and pension fund of the city of Marietta to require the defendant to issue to plaintiff voucher in payment of the firemen's pension at the minimum rate of $25 per month. In affirming the order of the trial court granting the writ, this court said:

"Mandamus is proper to compel the performance by the Board of Trustees of the firemen's relief and pension fund of its duty to issue vouchers for the full amount of the pension to which the board had theretofore determined the plaintiff to be entitled, when sufficient unencumbered money is in the fund with which to pay such pension."

The only question before the trial court was one of jurisdiction, and as stated in Board of Trustees of Firemen's Relief and Pension Fund of City of Marietta v. Brooks, supra, the jurisdiction to issue the writ is obtained when the petitioner has shown the necessary requirements for the granting of the pension, and the availability of the funds to pay the same. The question of fact touching the quali-

fications of the petitioner has already been determined by the said board, and no appeal having been taken therefrom, when the warrant in the case at bar was issued, it was the plain mandatory duty of the defendant to sign the same, and the court correctly so held.

The order and judgment of the trial court is affirmed.

CORN, V. C. J., and RILEY, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. OSBORN, J., dissents. WELCH, C. J., and ARNOLD, J., absent.