BOARD OF TRUSTEES OF THE FIRE-MEN'S RELIEF AND PENSION FUND v. COTTON.

No. 32089.   March 12, 1946.

*167 P. 2d 49.*

C. H. Baskin, of Holdenville, for plaintiff in error.

C. O. Lucas, of Holdenville, for defendant in error.

OSBORN, J. In this case plaintiff, Robert L. Cotton, filed his petition for a writ of mandamus to require the defendant, Board of Trustees of the Fireman's Relief and Pension Fund of the City of Holdenville, Okla., to pay certain installments of the pension theretofore allowed him as a retired fireman by the defendant. Defendant in due time filed its answer, plaintiff filed his reply to the answer, and both parties moved for judgment on the pleadings. The trial court sustained the motion of plaintiff, denied the motion of defendant, and issued the peremptory writ. Defendant appeals.

Plaintiff's petition, in substance, alleges that he had served for a period of 20 years as a member of the fire department of the city of Holdenville; that on April 30, 1942, the defendant declared him eligible for a pension and that for a period of time thereafter such pension was paid in monthly installments as provided by law; that the defendant discontinued making such payments and at the time of filing the action plaintiff was entitled to $463.75; that plaintiff has demanded payment of said sum but that defendant arbitrarily, capriciously, and without authority of law and in violation of law, failed, neglected, and refused to make

said payment; that at the time of the filing of the action defendant had on hand the sum of $1,046.92, but that defendant had set aside and earmarked the sum of $1,000 and all future income until it reached a total of $3,000, for the purpose of providing a special fund for the use and benefit of firemen's relief and that said attempted setting apart of said funds is in direct violation of 11 O. S. 1941 § 377. Plaintiff further alleged that defendant has no legal or valid reason or excuse for its failure and refusal to perform its mandatory duty to make payments to plaintiff and prayed the court to issue a writ of mandamus to compel defendant to perform its statutory duty.

Defendant, in its answer, admits the qualifications of plaintiff to receive the pension and that it has made payments thereof to him as alleged, but denies that it has acted arbitrarily and capriciously or without authority of law in refusing to make further payments; admits that it has on hand $1,055.12 in its fireman's pension and relief fund; admits that it has set aside the sum of $1,000 out of funds available to be kept in a separate account to be used for the payment of sick and disability benefits to members of the Holdenville fire department, and that it proposes to set aside such additional money as may come into said fund until the sum of $3,000 has been accumulated for such purpose. It alleges that it has authority to do this by reason of 11 O. S. 1941 § 380, which provides:

"Provided, that the payment provided for in this section (pension) shall not be made until after the payment in full of all claims or demands against said funds arising or accruing under the provisions of Section 7 of this Act (Section 367)."

The sole question presented is whether, under the Firemen's Pension and Relief Fund Law, 11 O.S. 1941 § 361-382, defendant, to provide for future sickness and disabilities of firemen, may set aside and reserve all payments received by it, regardless of the rights of firemen entitled to pensions by reason of their retirement after 20 years of service.

In Board of Trustees of Firemen's Relief and Pension Fund of the City of Marietta v. Brooks, 179 Okla. 600, 67 P. 2d 4, we held that the Board of Trustees, having determined that the plaintiff was entitled to receive a pension of $25 per month, could not reduce the amount of such payments when it had on hand unencumbered funds out of which the full amount could be paid, and that mandamus would lie to enforce full payment of the fireman's pension.

In Stephenson, Chairman, v. Dudley, 191 Okla. 166, 127 P. 2d 172, the Board of Trustees attempted to earmark or set aside for the benefit of disabled retired firemen and their dependents all funds coming into its hands, and this court, upon appeal, affirmed the issuance of a writ of mandamus to require the board to pay the pension of Brooks, who was not disabled. While in that case the right of the board to set aside such fund for the benefit of disabled firemen and their dependents was not specifically denied, the effect of the decision was a denial of such right.

The 1941 statutes did not expressly authorize the setting aside of any part of the pension fund for the purpose specified in defendant's answer. But in 1945 the Legislature specifically authorized the setting aside of a reasonable amount for that purpose. S. L. 1945, ch. 6, sec. 2, p. 30.

We conclude that the act of defendant in setting aside the money as alleged, insofar as it deprived plaintiff of the payments due him, was without authority of law, and that defendant's answer did not state a sufficient defense to plaintiff's demand. While under the law payments due disabled firemen were a first and prior claim against the pension fund, there is no contention that there were any so disabled at the time payments to plaintiff were refused. The mere possibility that one or more fire-

men might be injured in the future did not justify the refusal of defendant to pay plaintiff the sums due him under the law.

Affirmed.

GIBSON, C. J., HURST, V. C. J., and BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.