BOARD OF TRUSTEES OF FIREMEN'S RELIEF & PENSION FUND v. JOBE.

No. 32453.   Dec. 3, 1946.

*174 P. 2d 921.*

L. R. Maris, City Atty., and Duffy & Wilson, all of Ponca City, for plaintiff in error.

C. L. Armstrong, of Ponca City, for defendant in error.

PER CURIAM. This proceeding originated before the board of trustees of the Firemen's Relief and Pension Fund of the city of Ponca City, Okla., upon application of Mary J. Jobe, hereinafter referred to as claimant, for a pension because of the death of her husband, Herschal W. Jobe, who had been a member of the fire department of Ponca City at the time of his death.

The application was denied by the Board of Trustees and an appeal was taken by claimant to the district court, which court reversed the order of the board and ordered the pension paid.

The board has appealed to this court

and asserts that the judgment of the trial court is contrary to the evidence. It is asserted that there was competent evidence introduced before the board tending to sustain its findings; that the district court on appeal had no authority to weigh the evidence but it was its duty to sustain the order of the board if there was any competent evidence tending to sustain such order. This is not a correct statement of the rule. In the case of Board of Trustees of Firemen's Relief and Pension Fund v. Naughton, 180 Okla. 270, 68 P. 2d 845, we said:

"On appeal from a decision of the firemen's pension and relief board, the district court in considering the appeal reviews the transcript of the proceedings and the evidence to ascertain whether the decision of the board is in accordance with law and whether its findings are supported by the evidence. If, upon such review, it appears that the decision of the board is contrary to law or contrary to the clear weight of the evidence, the district court may properly render such decision as should have been rendered by said board."

See, also, Board of Trustees of Firemen's Relief and Pension Fund v. Pelham, 180 Okla. 44, 67 P. 2d 794; In re Benson, 178 Okla. 299, 62 P. 2d 962.

The record discloses that the parties at the hearing before the board entered into the following stipulation:

"That the said Herschal W. Jobe departed this life on November 25, 1944, at about 5:15 o'clock. That at the time of his death he was on his regular shift of said fire department and in the building used and occupied by the fire department of the City of Ponca City."

The evidence shows that deceased became ill on the 7th day of March, 1944, while engaged in assisting in extinguishing a fire which occurred in Ponca City. He complained of a choking sensation in his throat and a pain in his chest and on the following day he called on his physician, Dr. Vance, who treated him until his death; that prior to March 7th he was not afflicted with such trouble.

Dr. Vance, in substance, testified that deceased prior to March 7th apparently had a latent heart ailment of some kind which was brought to life due to his activities and exertion while engaged in fighting the fire on March 7th; that as a consequence of such exertion he had a hemorrhage of some of the blood vessels which supply the heart with blood which caused the symptoms complained of by deceased. He further testified that deceased's heart condition was in his opinion directly caused by his exertion in fighting the fire above mentioned and that such condition rapidly progressed, finally causing death. Dr. Vance was corroborated in this particular by two other physicians upon answer to hypothetical questions propounded by counsel for claimant.

The evidence further shows that deceased during times he was off duty occasionally performed work for others and that on the day prior to his death he was engaged in hauling and unloading heavy stage properties.

It is contended by respondent that the condition of deceased's heart and the cause of his death was due solely to overexertion while engaged in such work.

There is some expert evidence tending to support this theory. The trial court, however, found that such theory was contrary to the great weight of the evidence. The court found the issues generally in favor of claimant and specifically found that the condition of deceased's heart and his death was caused by overexertion while participating in extinguishing the fire of March 7th; that the order of the board denying a pension was contrary to the great weight of the evidence, and rendered judgment in favor of claimant.

After carefully considering and weighing the evidence, we cannot say that the court erred in reaching this conclusion.

Judgment affirmed.

HURST, V.C.J., and OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur.