BOARD OF TRUSTEES OF FIREMEN'S RELIEF & PENSION FUND et al. v. STARK.

No. 35181.   Oct. 21, 1952.

*249 P. 2d 418.*

Earl E. LeVally, City. Atty., Healdton, for plaintiffs in error.

Sigler & Bruce, Ardmore, for defendant in error.

GIBSON, J. This is an appeal from a judgment of the district court of Carter county, Oklahoma, allowing its peremptory writ of mandamus ordering the Board of Trustees of the Firemen's Relief and Pension Fund and W. H. Youngblood, as treasurer, of the city of Healdton, to pay to the plaintiff the sum of $395 as and for hospital and medical expenses incurred as a result of certain injuries sustained by him in combatting a fire in said city while serving as a volunteer fireman. We shall refer to the parties as they appeared in the trial court. Defendant in error was plaintiff.

Plaintiff filed his verified petition in which he alleged that defendants were the duly qualified Board of Trustees of the Firemen's Relief and Pension Fund and that defendant Youngblood was the treasurer of said fund; that plaintiff was a volunteer fireman of a regularly organized fire department of the city of Healdton, and that on January 27, 1949, in the performance of duty combatting a fire in said city, he sustained severe and painful injuries to his lower extremities. It is further alleged that as a result of said injuries plaintiff has incurred medical and hospital expenses, for which he has not been compensated, in the sum of $395, and that the treasurer has ample funds to pay said claim; that the original claim was allowed by the board in 1949 and a portion thereon was paid at a time when there were insufficient funds to pay the balance. Plaintiff pleads Tit. 11 O.S. 1951 §§367 and 380, and says that by virtue thereof he is entitled to payment of his said claim, but defendants have refused to pay the same and refuse to call a meeting so that plaintiff may be heard. Plaintiff further says that he is remediless and prays that a writ of mandamus issue requiring defendant Youngblood as treasurer to perform his statutory duty and satisfy said claim, and for other proper relief.

On consideration of such verified petition an alternative writ of mandamus was issued directing payment of said unpaid balance of medical and hospital expense to plaintiff or that defendant appear on a specified .date and show cause for refusal. On said date defendants filed their return, paragraph one thereof reciting that no proper service of the writ was made on defendants. This objection was sustained, and plaintiff granted leave to have an alias summons and alternative writ issued.

Such alias writ was issued on December 30, 1950, and a return was filed by the defendants setting forth numerous contentions as to why the requested writ of mandamus should be denied.

Following a trial the court rendered judgment for plaintiff, finding that on and prior to the date of injury plaintiff was a member of the volunteer firemen of said city; that on said date, while in discharge of his duties, he was injured; that thereafter he filed his claim for said injury and it appearing that there was but $150 available in the fund at that time said sum was allowed and paid as a partial payment. The court further found that there was due the sum of $395 on medical and hospital bills, and at the date of the trial and judgment there were sufficient funds on hand to pay said claim and it should be allowed and paid. A writ of manda-

mus was ordered directing defendants to allow and pay said amount out of funds now available. A motion for new trial was overruled, and defendants appeal.

It is contended by defendants that neither of the writs issued was served as required by law; that plaintiff had a remedy at law in that a denial of his claim could have been appealed under Tit. 11 O.S. 1951 §381; and that plaintiff did not show himself to be a member of the Healdton Fire Department and entitled to compensation out of the fund. In their return to the alternative writ defendants urged that said writ was not served, as required by law, in that a certified copy of the writ instead of the original was served. Under authority of Ellis v. Outler, 25 Okla. 469, 106 P. 957, that objection was sustained by the trial court, and thereupon, at plaintiff's request, the court issued an alias alternative writ. This procedure was in conformity with this court's opinion in Thomas v. Noel, 107 Okla. 94, 230 P. 480, wherein we said:

"If the writ was not served, the cause should not be dismissed, but if the petition is good, it occurs to us, without making a thorough investigation, the court should issue another writ, and make returnable forthwith, or at some future date as provided by law."

That is what was done in the instant case, and defendants' contention that the trial court was without power to order the issuance of a second or "alias" alternative writ is without merit.

It is said by defendants that when the second writ was issued it was served only upon defendant Youngblood and that there is no showing that it was ever served on the board members and the court had no jurisdiction over the board members. But all of the defendants joined in filing a return to the second writ, containing 17 separately numbered paragraphs, alleging not only the insufficient service of both writs, but further alleging affirmative defenses to the merits of plaintiff's claim, which, had they been sustained by sufficient evidence, would have constituted complete defenses to the action. Having voluntarily filed such return and proceeding to trial of the issues on the merits, the board members cannot now complain that the second writ was not served on them. In Fisk v. Venable, 61 Okla. Cr. 360, 68 P. 2d 425, the Criminal Court of Appeals considered an action in mandamus to require a county judge to disqualify in a criminal action. Without waiting for service of a writ, the respondent filed a return. On appeal that court said:

"Where the respondent makes return without the service of the alternative writ of mandamus, the petition stands as and for the writ itself for the purposes of the case and the return."

In the instant case the return was not verified or supported by affidavit. Although it was alleged in the return to the second writ that there was no legal service of either writ upon the defendants, and although much was said of it in the arguments between counsel during the trial, no evidence was offered by the defendants in support of such allegation. The original writ was not put in evidence for the inspection of the trial court and no witness testified as to what manner of service of either writ was attempted. The burden of proving failure to make proper service of process is upon the party alleging such failure. Sullivan v. Bryant, 180 Okla. 89, 67 P. 2d 964.

Defendants contend that plaintiff had the burden of proving that he was a volunteer member of the Healdton Fire Department and that he failed to make such proof. The evidence on that issue was in conflict. The fire chief of the city testified that plaintiff was not a member at the time of his injury on January 29, 1949. But plaintiff introduced a membership card reciting that he had complied with the constitution and by-laws of the Oklahoma State Firemen's Association and was entitled to all rights and benefits therein

granted, which card was issued under date of January 1, 1949, and further testified that the card was given to him by the fire chief. There is also evidence indicating that plaintiff was listed as a member in an annual report prepared by the city clerk for the Firemen's Pension Board. The finding of the trial court that plaintiff was a volunteer member of the fire department on the date of his injury cannot be said to be against the clear weight of the evidence. It is supported by competent evidence.

Many of defendants' contentions are answered in the opinion of this court in Board of Trustees of the Firemen's Relief and Pension Fund v. Brooks, 179 Okla. 600, 67 P. 2d 4. Therein we held:

"Mandamus is proper to compel the performance by the board of trustees of the firemen's relief and pension fund of its duty to issue vouchers for the full amount of the pension to which the board had theretofore determined the plaintiff to be entitled, when sufficient unencumbered money is in the fund with which to pay such pension."

In the instant case the evidence shows that as a result of his severe injuries and hospitalization plaintiff incurred hospital and medical expenses in the total sum of $1,045; that the Firemen's Fund of Healdton carried a policy of insurance covering members of the fire department and the insurance carrier paid $500 on this expense of plaintiff. Thereafter plaintiff desired to file a claim for the balance of his expense but was advised by the authorities that only $150 was then available for such payment. His claim was filed bearing the recital: "This claim made in the amount of $150.00 as partial payment for said injuries." The claim was approved by resolution of the board, and the treasurer issued a check for $150, payable to the hospital and bearing upon its face the notation: "For F. Pension Fund, Warrants No. 57 T. W. Stark case."

The facts that the personnel of the board was thereafter changed and that the new board refused to pay the balance of the claim is of no consequence. It remained that the claim was approved by an official action of the board and a partial payment made thereon.

Under the entire record before us we find that it was established that the official board exercised its discretion in determining that plaintiff was entitled to his hospital and medical expenses and was paid in part only because of insufficient available funds. When this action was commenced and when the trial was had there were funds available for payment of the balance of such expense and, as we said in the Brooks case, the refusal of the board to make such payment was arbitrary, and the proceeding in mandamus was proper. Stephenson, Chairman, v. Dudley, 191 Okla. 166, 127 P. 2d 172; Board of Trustees of the Firemen's Relief and Pension Fund v. Cotton, 196 Okla. 545, 167 P. 2d 49.

Affirmed.

HALLEY, V. C. J., and WELCH, JOHNSON, and O'NEAL, JJ., concur.