Dear Mr. Privett,
The Attorney General has received your request for an official opinion asking, in effect:
 1. In calculating the amount of participating service creditable to a member of the Oklahoma Public Employees Retirement System (System) who is seeking retirement as governed by 74 O.S. 902(24)(b) (1985), should such participating service credits include unused sick leave as set forth in 74 O.S. 913(2)(g) (1985)?
 2. If such unused sick leave should be applied for retirement under 74 O.S. 902(24)(b) (1985), should such credit be applied in the event that the total unused sick leave, by itself, does not add at least one (1) additional year of credited participating service?
 3. May the Board of Trustees of the System defer crediting such unused sick leave participating service to a member's account, hence delaying benefits payments from same, until such time as full reimbursement for the cost of funding the additional service credit is made to the Board?
In the 1984 and 1985 legislative sessions, two major amendments to the statutes governing the Oklahoma Public Employees Retirement System pertinent to your questions were enacted. The first of these changes is currently codified as 74 O.S. 913(2)(g) (1985), and authorized, for the first time, the inclusion of unused sick leave accumulated by a member of the System as "participating service" eligible to be counted for retirement purposes. Section 74 O.S. 913(2) provides:
 "(g) The total participating service credit of a member who retires or terminates employment and elects a vested benefit shall include not to exceed one hundred thirty (130) days of unused sick leave accumulated subsequent to August 1, 1959, during the member's employment with any participating employer. Such credit shall be added in terms of whole months. Twenty (20) days of unused sick leave shall equal one (1) month for purposes of participating service credit. If unused sick leave entitles a member to an additional year of service credit, the member's employer shall reimburse the System for the cost of funding the additional reserve. Each participating employer shall provide the System with adequate and timely information necessary to determine additional benefits and its cost under this paragraph. This paragraph shall apply to members retiring or vesting on or after July 1, 1984, and shall not be retroactive."
At the time this new provision was added to the laws governing retirement under the System in 1984, the "normal retirement date," the date upon which a member could retire with full retirement benefits under the System, was defined as being alternatively the first day of the month coinciding with or following the member's sixty-second birthday or the first day of the month coinciding with or following the member's fifty fifth birthday if such member had thirty (30) years or more of full-time equivalent employment with participating employers. See, 74 O.S. 902(24) (1984).
House Bill No. 1382, passed in 1985, provided the second major change pertinent to your questions, and altered the definition of "normal retirement date." This provision, codified as 74 O.S. 902(24) (1985), currently provides:
 " `Normal retirement date' means the date on which a member may retire with full retirement benefits, as provided in this act, such date being whichever occurs first:
 "(a) the first day-of the month coinciding with or following a member's sixty-second birthday; or
 "(b) the first day of the month coinciding with or following the date at which the sum of a member's age and number of years of participating service total eighty (80)[.]"
Under the 1984 version of Section 74 O.S. 902(24), the alternative "normal retirement date" was based, in part, upon the member having at least thirty (30) years or more of "full time equivalent employment with participating employers," a phrase encompassing both participating service and credited prior service. See, 74 O.S. 902(11) (1985). The new 1985 version, however, has supplanted that language by the insertion in its stead of a so-called "Eighty and Out" rule which is based upon the member's age and years of participating service only. No provision exists for the insertion of prior service the member may have earned into the formula for eligibility.
 I.
Your initial question asks to compare these two statutes, 74 O.S.913(2)(g) and 74 O.S. 902(24) (1985), and advise if the unused accumulated sick leave credit provided for in Section 74 O.S. 913(2)(g) may be used toward meeting the requirements of Section 74 O.S.902(24)(b).
Under the plain and unambiguous language of Section 74 O.S. 913(2)(g), the "total participating service credit" of a member retiring or electing to vest benefits on or after July 1, 1984, "shall" include unused sick leave accumulated by the member subsequent to August 1, 1959, and subject to the further limitations set forth in the statute. Ordinarily, the use of the word "shall" in a legislative enactment carries with it the presumption that the direction is mandatory. Oklahoma Alcoholic BeverageControl Board v. Moss, 509 P.2d 666, 668 (Okla. 1973); 2A Sands, Sutherland on Statutory Construction, 57.04 (Supp. 1982). This is particularly true where the command relates to matters enacted for the public benefit, good, interest or protection. Id. Statutes granting pensions to public employees, in turn, are generally held to have as their purpose the promotion of the general public welfare through encouragement of continued and loyal public service. Id. There being no indication that the term "participating service" as used in Section 74 O.S. 913(2)(g), is to be treated differently from the manner it is used in Section 74 O.S.902(24), the unused sick leave referred to in Section 74 O.S. 913(2)(g) must be counted as participating service for retirement calculations under Section 74 O.S. 902(24)(b). See, 25 O.S. 2 (1981).
 II.
Your second inquiry poses whether this unused sick leave may be applied toward retirement under Section 74 O.S. 902(24)(b) in the event that the total unused sick leave, independent of participating service stemming from other sources, would not add at least one (1) year of additional service.
As indicated above, under 74 O.S. 913(2)(g) (1985), unused sick leave is deemed to be treated as participating service for retirement purposes. A member's retirement benefits, in turn, are determined by using the mathematical formula set forth in 74 O.S. 915(A)(1) (1985). That formula involves, as one of its components, the number of years of "credited service" accumulated by the member.
This "credited service," by statutory definition, encompasses years of participating service accumulated by the member. See, 74 O.S. 902(11) (1985). In this same vein, 74 O.S. 913(3) (1985), which governs the calculation of "credited service," states:
 "In determining the number of years of credited service, a fractional year of six (6) months or more shall be considered as one (1) year, and less than six (6) months shall be disregarded."
The provisions of Section 74 O.S. 913(2)(g), themselves, mandate that the unused sick leave participating service credit now provided for be added in terms of whole months. The section is silent as to whether this new form of participating service credit may be added together with other forms of participating service credit already in effect, in order to achieve the six months of service needed to qualify for an extra year of service, and, hence an extra year's worth of benefits.
However, our Supreme Court has been uniform in ruling that, in cases of doubt, the laws governing pensions and retirement benefits to public employees should be construed liberally and in favor of the employees benefited thereby. See, City of Ardmore ex rel. Firemen's Relief andPension Bd. v. Ozment, 467 P.2d 502 (Okla. 1970); Bd. of Trustees ofFiremen's Relief and Pension Fund, Tulsa, v. Naughton, 68 P.2d 845
(Okla. 1937). There is no indication that the Legislature intended this new form of participating service credit, that stemming from unused sick leave, be treated any differently from participating service credit derived from other sources. Of course, it should be remembered that this unused sick leave participating service credit only applies to members of the System retiring or vesting on or after July 1, 1984, and cannot be retroactively applied to members retiring or vesting before that date.74O.S. 913(2)(g) (1985).
 III.
Your final inquiry asks if the Board of Trustees of the System may defer crediting this unused sick leave participating service credit to a member's account, hence delaying benefits payments from same, until such time as full reimbursement for the cost of funding the added credited service is made to the Board.
The provisions of Section 74 O.S. 913(2)(g) place a duty upon the member's employer to reimburse the System if, and only if, a year of credit is obtained through addition of unused sick leave in the benefits computation process. No additional payments from the member are contemplated. No language appears which would indicate that the Board may indirectly penalize the member, himself, by deferring benefits due under the law because the Board is having difficulty compelling payment of monies owed it from the member's employer. As a general principle of law, administrative boards and agencies possess only those powers that are specifically granted by constitutional and statutory provisions, and such powers as are necessary for the exercise of powers expressly granted. Marley v. Cannon, 618 P.2d 401 (Okla. 1980). In this regard, however, agencies may not, by administrative decision or rule making, exceed the scope of their statutory authority. Adams v. ProfessionalPractices Commission, 524 P.2d 932 (Okla. 1974). The Board must fulfill its statutory duties as provided under the law and cannot defer payments where such deferral is not provided for in the statutes.
It is, therefore, the official opinion of the Attorney Generalthat:
 1. In calculating the amount of participating service creditable to a member of the Oklahoma Public Employees Retirement System who is seeking retirement as governed by 74 O.S. 902(24)(b) (1985), such participating service credits should include unused sick leave as set forth in 74 O.S. 913(2)(g) (1984).
 2. The unused sick leave participating service credit provided for in 74 O.S. 913(2)(g) (1984) should be applied together with other forms of participating service credit accrued by a member of the System for retirement purposes, as governed by 74 O.S. 902(24)(b) (1985), even if such unused sick leave, by itself, does not add at least one (1) additional year of credited participating service. However, the provisions of 74 O.S. 913(3) (1985) concerning crediting of fractional years must be read together with the dictates of Section 74 O.S. 913(2)(g) for calculation purposes.
 3. The Board of Trustees of the System may not defer crediting unused sick leave participating service to a member's account, hence delaying benefits payments stemming from same, until such time as full reimbursement for the cost of funding the additional service credit is made to the Board by the member's employer.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
MICHAEL SCOTT FERN, ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, TORT DEFENSE DIVISION