Dear Mr. Wallace,
The Attorney General has received your request for an official opinion asking, in effect:
 1. Are the provisions of 11 O.S. 50-111.1 (1985) retroactive, so that all members of the Oklahoma Police Pension and Retirement System may take advantage of the buy back provisions of Section 11 O.S. 50-111.1 to obtain credited service toward retirement regardless of when their prior service was, how long a break in service they had from police duty as an officer within the System, and when they apply for such credit?
 2. If the answer to question number one is in the affirmative and, at least a portion of the service sought to be credited toward retirement was for a period of time prior to January 1, 1981, is the member eligible for normal retirement pursuant to the provision of 11 O.S. 50-101(8)(a) (1985), which would allow for retirement after twenty (20) years of credited service or pursuant to the provisions of 11 O.S. 50-101(8)(b) (1985), which would allow for retirement after the officer attains the age of fifty (50) and after the officer has twenty (20) years of credited service?
In 1980, the Oklahoma Legislature enacted a statutory scheme by which all municipal police pension and retirement systems in the State of Oklahoma that were in existence prior to July 1, 1980, were consolidated into one uniform statewide system. 11 O.S. 50-101 (1981) et seq. This law became effective on January 1, 1981. Prior to such enactment, the statewide system allowed for municipal consolidation into the state system of only those municipal systems that employed twenty police officers or less. 11O.S. 50-304 (1978).
Immediately prior to the enactment of 11 O.S. 50-101 (1985) et seq., there were three statutory sections of the Oklahoma Police Pension and Retirement System Act (hereafter referred to as the Act) that specifically covered the manner in which a police officer could obtain credited service toward retirement for prior police duty with an eligible employer or participating municipality in the System. The term "eligible employer" is defined in the Act at 11 O.S. 50-101(15) (1985) as, "any municipality with a municipal police department." The term "participating municipality" is defined at 11 O.S. 50-101(10) (1985) as "a municipality which is making contributions to the System on behalf of its officers."
One of these statutes, 11 O.S. 50-127(B) (1981) (amended 1985), concerned the situation where an officer sought to receive credited service when that officer withdrew from the System by terminating his or her employment with a participating municipality and then subsequently became reemployed as an officer with a participating municipality.
Section 11 O.S. 50-127(B) provided that upon application an officer in such a situation could receive credit for the period of time he or she served prior to withdrawal by paying into the System a sum equal to the amount of refund, if any, plus five percent (5%) interest from the date of withdrawal. It further provided that the application concerning such credit had to be filed with the State Board within thirty (30) days from the officer's date of reemployment as an officer and that said application had to be filed not more than sixty (60) months after the date of withdrawal from the System.
A second provision concerning obtaining credit for prior service was 11O.S. 50-111.1 (1981) (amended 1985) which provided in pertinent part as follows:
 "If a member, who became a member of the System prior to January 1, 1981, terminates employment and withdraws the member's accumulated contributions and then subsequently, within ninety (90) days of such termination of service, rejoins the System, that member shall continue to accrue benefits under the provisions pertaining to members who became members prior to January 1, 1981."
The term System is defined in both the 1981 and 1985 Acts as follows: " `System' means the Oklahoma Police Pension and Retirement System and all predecessor municipal Police Pension and Retirement Systems[.]" 11 O.S.50-101(1) (1981) and 11 O.S. 50-101(1) (1985).
The portion of Section 11 O.S. 50-111.1, quoted above, as noted, was amended in the 1985 Act to read as follows:
 "If a member terminates employment and withdraws the member's accumulated contributions and then subsequently rejoins the System, he may pay to the System the sum of the accumulated contributions he has withdrawn plus five percent (5%) annual interest from the date of withdrawal and shall receive the same benefits as if he had never withdrawn his contributions." 11 O.S. 50-111.1 (1985).
The third and final section of the 1981 Act that dealt with obtaining credited service toward retirement was 11 O.S. 50-126 (1981) (repealed 1985) which generally concerned the situation where officers were allowed to obtain such credit for prior service as an officer with an eligible employer at the entry date of that employer into the System as a participating municipality in the System pursuant to 11 O.S. 50-106.3
(1981) or when an officer sought to transfer prior service as an officer from a municipality not in the System to a participating municipality.
The time limits set forth in Section 11 O.S. 50-126(1), which had to be met by an officer seeking to obtain credited service in the System toward retirement under said section, are virtually identical to the time limits set forth in Section 11 O.S. 50-127(B). Under Section 11 O.S. 50-126, the officer had to make application for credit within thirty (30) days after initial employment with a participating municipality (one making contributions to the System on behalf of its officers) or the municipality's entry date into the System and within sixty (60) months after the officer's termination from his or her prior municipal law enforcement position. Under both prior sections of the 1981 Act, if these time limits were not satisfied, the mandatory language thereof would appear to have foreclosed any avenue for obtaining credit toward retirement for prior service as a police officer.
Your first question, thus, essentially requires a determination as to whether the provisions of 11 O.S. 50-111.1 (1985) are retroactive so that an officer who did not take advantage of the provisions of 11 O.S.50-111.1 / 11 O.S. 50-126 or 11 O.S. 50-127(B) (1981) in a timely fashion may now, pursuant to the provisions of 11 O.S. 50-111.1 (1985) (which has no time limitation), obtain credited service toward retirement for police duty with an Oklahoma municipality for time worked prior to July 8, 1985, the effective date of the current Section 11 O.S. 50-111.1.
It has long been the general rule in Oklahoma that:
 "[S]tatutes are presumed to operate prospectively only, and words ought not to be given a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intention of the Legislature cannot be otherwise satisfied and that in case of doubt the doubt should be resolved against the retrospective effect." Board of Trustees of Firemen's Relief and Pension Fund of City of Tulsa v. Naughton, 173 P.2d 425, 426 (Okla. 1946) (emphasis added).
This general rule, however, must be viewed in light of the purpose of the statutory scheme now under consideration, i.e., providing pension benefits for retired municipal police officers. This is so because the Legislature's intention in enacting these statutory commands should be determined by a review of the entire act at issue, in light of its general purpose and objective. Wood v. Independent School District No.141 of Pottawatomie County, 661 P.2d 892 (Okla. 1983). In this regard, statutes granting pension or retirement rights to public employees are usually held enacted for the public purpose of stimulating governmental efficiency by encouragement of continued and loyal public service. 3 Sands, Sutherland Statutory Construction, 71.09 (4th ed. 1984). Such provisions are to be viewed liberally in favor of the public employees for whose direct benefit they were enacted. See, City of Ardmore ex rel.Firemen's Relief and Pension Board v. Ozment, 467 P.2d 502 (Okla. 1970);Board of Trustees of Firemen's Relief and Pension Fund in and for City ofTulsa v. Naughton, 68 P.2d 845 (Okla. 1937).
When one reviews the provisions of 11 O.S. 50-111.1 (1985), it is clear that there is no express indication that the statute is to have retroactive effect. In fact, the words of the statute are in the present tense and the words do not appear, at all, to be concerned with past events, but with event(s) that occur subsequent to the effective date of the statute. In other words, the statute on its face appears to apply only to those situations where an officer, henceforth, terminates his employment as an officer and withdraws from the System and then subsequently becomes employed as an officer and rejoins the System after the effective date of its passage, July 8, 1985. The key factor is that the termination occur after July 8, 1985. Thus, the general rule against a finding of retroactivity would apply unless some other indicia of legislative intent manifests itself so that a contrary conclusion may be drawn. Such other indicia of legislative intent does not appear to exist. This is so even in light of the benevolent purpose behind the pension statutes involved here.
One of the statutes amended at the same time 11 O.S. 50-111.1 (1985) was enacted, 11 O.S. 50-127 (1981), by deleting Section 11 O.S.50-127(B), as mentioned above, set out clear time limitations for the purchase back of credited service as did the now repealed 11 O.S. 1981,50-126. By the express terms of Sections 50-127(B) and 50-126, if the time limitations were not followed any right to purchase back credited service ceased. Further, 11 O.S. 1981, 50-111.1 clearly applied only to situations where a police officer who had been a member of the System prior to January 1, 1981, terminated his employment subsequent to January 1, 1981, and then sought to rejoin the System at a later date. In light of the above time limitations and the clear prospective nature of prior Section 50-111.1, there is simply no indicia of legislative intent that would warrant any conclusion other than that 11 O.S. 50-111.1 (1981) is to have prospective application only.
In light of the answer to your first question, there is no need to answer your second question.
It is, therefore, the official opinion of the Attorney General that theprovisions of 11 O.S. 50-111.1 (1985) are prospective only and apply tothose situations where a police officer, who is a member of the OklahomaPolice Pension and Retirement System, terminates his or her employmentand withdraws accumulated contributions on or after July 8, 1985 (theeffective date of Section 11 O.S. 50-111.1) and then, at some subsequenttime, becomes re-employed as a police officer member of the System andseeks to purchase credited service.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
JOHN GALOWITCH, ASSISTANT ATTORNEY GENERAL